## ALONZO H. TAYLOR v. REUBEN DAVIS.

1. PRINCIPAL AND SURETY: RIGHT OF CREDITOR TO WAIVE NOTICE IN WRITING BY SURETY TO SUE PRINCIPAL.—That provision of the statute authorizing a surety to give notice to the creditor to sue the principal within a specified time, which requires the notice to be in writing, is for the benefit of the creditor, and he may, therefore, waive it, and agree to accept notice *ore tenus*.

2. SAME: SAME: WHAT IS A WAIVER OF WRITTEN NOTICE.—When a surety gives notice *ore tenus* to the creditor to sue the principal within the time prescribed by the statute, and that upon his failure to do so, that the surety will be no longer bound, and the creditor thereupon promises the surety to sue as instructed: this promise is a waiver of the provision of the statute requiring the notice to be in writing, and if not complied with, the surety will be released.

3. HIGH COURT: PRACTICE: WHEN FINAL JUDGMENT WILL NOT BE REVERSED FOR ERROR IN OVERRULING DEMURRER.—When the plaintiff upon the sustaining of a demurrer to his replication to a good and valid plea, which is an answer to the whole action, declines to reply further, whereby judgment final is entered

against him, this court will not reverse that judgment because the court below improperly overruled the plaintiff's demurrer to another plea of the defendant.

ERROR to the Circuit Court of Monroe county. Hon. Joel M. Acker, judge.

This was an action of *assumpsit*, to recover the amount of a joint and several promissory note, executed by J. N. Davis and Reuben Davis to the plaintiff below.

Reuben Davis, who alone was sued, pleaded four pleas.

The first and second pleas are in substance the same; and they allege that the said Reuben Davis is and was a surety only on the note sued upon, and this was known to the plaintiff; and that after said note became due and payable, and at least thirty days before the commencement of the Circuit Court of Carroll county, Mississippi, in the month of June, 1856 (that county being then the residence of J. N. Davis, the principal in said note), he the defendant "notified the said plaintiff personally, that he must institute. suit to the next term of said court, against the said J. N. Davis, and that unless he did so, he would not be liable on the same; and the said defendant did then and there, in said conversation, and at the time of said notice, promise this defendant to sue as instructed; but he wholly failed to do so, in direct disregard of said notice thus given and acknowledged."

The third and fourth pleas contained in substance the same averments, in relation to the giving of notice by defendant to the plaintiff to sue, as the first and second pleas; and in addition thereto, the following: "That the defendant, disregarding the notice, has not, up to this day, sued the said J. N. Davis; but in disregard of said instructions, did agree with and give time to the said J. N. Davis, for a valuable consideration, for the payment of said note, without the consent of this defendant."

To all these pleas the plaintiff filed a demurrer. He assigned as causes of demurrer to the first and second pleas: 1. That the notice to sue is not alleged to be in writing. 2. There is no averment that the defendant sustained any loss by the plaintiff's failure to sue. 3. It is not averred that defendant offered to indemnify the plaintiff against the costs of a suit against said J. N. Davis.

In support of the demurrer to the third and fourth pleas, he assigned the above grounds; and also, that those two pleas were bad for duplicity.

The demurrer was overruled as to all the pleas, and the plaintiff replied to the first and second pleas, by alleging that the notice stated in said pleas was verbal and not in writing; and to the third and fourth pleas he replied, by alleging that the notice was verbal and not in writing, and by denying the alleged agreement for forbearance.

The defendant demurred to the replications to the first and second pleas. His demurrer was sustained; and the plaintiff refusing to reply further, judgment final was entered for the defendant. From this judgment the plaintiff sued out this writ of error.

*Sale* and *Phelan*, for plaintiff in error.

1. The common law rule, recognized in some of the States, which allows sureties to give notice to the creditor to sue the principal, is not recognized in this State, as was expressly decided in 5 How. 689. But if it were conceded that the rule is in force here, then the first and second pleas are insufficient, as tested by that rule, because there is no averment that the surety suffered damage by the failure to sue, or that he offered to indemnify against the costs of the suit.

2. These pleas, when tested by the statute, are equally defective. The statute prescribes a forfeiture of the debt.as against the surety, as a consequence of the creditor's failure to sue, and this too without any regard to the damage, or want of damage, occasioned by such failure. It is, therefore, highly penal in its character, and violative of the common law right of the creditor to stand on the terms of his contract, and should be construed strictly. The statute requires the notice to be in writing, and this court has steadily refused, in construing other statutes, to engraft any exceptions upon them, but has always adhered to their plain letter. When the statute requires a thing to be done in writing, the courts cannot say that it may be done without writing. See 9 S. & M. 209; 25 Miss. R. 58; 13 S. & M. 93. In other States, where similar statutes are in force, the courts have given them a strict construction. 8 Ala. R. 945; 1 Stewart, 11.

3. Admitting that a written notice may be waived, still it ought to be waived clearly and explicitly, and that was not done in this case.

*Houston* and *Reynolds*, for defendant in error.

No memorandum of the argument of Messrs. Houston and Reynolds has come to my possession.

HANDY, J., delivered the opinion of the court.

The errors relied on as grounds of reversal of the judgment in this case are, the decisions of the court below in overruling the plaintiff's demurrer to four pleas filed by the defendant; and in sustaining the demurrer to the plaintiff's replication, afterwards filed, to those pleas. Two questions are presented by both demurrers. 1st. Whether a notice, in virtue of the Statute of 1854, ch. 27, by a surety to a creditor, requiring him to bring suit against the principal, is sufficient to entitle the surety to the benefit of the statute, if the notice be not given in writing, but is received and acknowledged by the creditor, who thereupon agrees to bring suit accordingly? 2d. Whether the third and fourth pleas do not each set up two distinct and substantive defences to the action, and are not bad for duplicity?

The first question arises upon the first and second pleas, which allege in substance, that the defendant was surety for one Isaac N. Davis, on the note sued on; and that at least thirty days before the then next term of the Circuit Court of the county of the residence of the principal, the defendant gave notice personally (but not in writing) to the plaintiff, to sue the said principal to the next term of the Circuit Court; and that, unless he did so, the defendant would not be liable on the note; which notice was then and there acknowledged by the plaintiff, who then and there promised that he would bring the suit as required; but that he wholly failed to bring the suit as required. It is admitted, both by the demurrer to these pleas, and by the replications which seek to avoid their force solely on the ground that the notice was not given in writing, that the notice was given to, and accepted by, the plaintiff; so that the question upon both pleadings is, whether a notice, not in writing, but agreed by the creditor to be acted on as a sufficient notice under the statute, will entitle the surety to the benefit of the statute?

It is insisted, in behalf of the plaintiff in error, that the right of discharge to the surety conferred by the statute, is the creature of the statute, to be exercised only in the mode prescribed by the statute ; and, as no other mode of notice is authorized by it except that in writing, to allow any other notice would be to enlarge the statute, and engraft an exception upon it contrary to its plain terms.

This view would doubtless have a controlling influence upon the case, if the right of the defendant rested simply upon a verbal notice given by him to the plaintiff. For the statute provides that the surety shall have the right to give the notice "in writing" for the period of time specified, and "after the expiration of said notice so given," if the creditor shall fail to bring suit, he shall be debarred of all recovery against the surety, " who shall have given such notice." In such a case, the court would not be justified in holding that any more notice, except that specified in the statute, was sufficient. But the mode of giving the notice must have been intended for the benefit of the creditor, giving him the right to require it in writing before his demand against his debtors could be affected by it. It was a mere mode of proceeding in the matter which the statute entitled him to require to be observed ; and this right, the pleas aver in effect, that he waived, by accepting notice not in writing, and agreeing to treat it as valid, and to institute the suit as required. It is clear that this is sufficient to entitle the surety to the benefit of the statute. For, first, the mode of notice specified, had reference to the proceeding when it rested upon the mere notice. It conferred an individual right upon the creditor for his own benefit, the form of which he was entirely competent to waive, since it violated no positive statute nor rule of public policy. For the maxim is, *Quilibet potest renunciare juri pro se introducto.* It is a mere mode of proceeding upon which a legal right to the surety against the creditor is to be founded, and the form of which the latter had the perfect right to waive. It stands upon the same principle as the requirement of the statutes, that an affidavit shall be made in order to take out a commission to take depositions, and that previous notice and service of interrogatories shall be given for a specified space of time. In such cases, it was never questioned, that the affidavit or notice, though positively required

by the statute, might be waived.  It is also analogous to the presentment, and notice of non-payment of a bill of exchange, or to the mode of making tender of money, and to many similar cases of individual right, where a compliance with the strict legal form may be dispensed with by the person who had the right to require it.  In this case, and in all like cases, the party must be bound by the waiver of what was mere matter of individual right; and to allow him to consent to dispense with a legal. formality intended solely for his benefit, and thereby prevent the other party from pursuing the form provided by law for his protection, and to permit the former afterwards to deny the legal validity of his act, would be to allow a party to take the benefit of his own fraud, which the law will never tolerate.

Secondly. The provisions of this statute are not analogous to those of the Statute of Frauds and the Statute of Limitations, as is argued by counsel for the plaintiff.  Those statutes are *negative* in their terms, and exclude any other modes and forms of performing the acts and of effecting the ends embraced by them, than those enumerated ; and this upon reasons of public policy.  Hence, exceptions beyond those enumerated, are held to be contrary both to the language and the spirit of those acts, and are not sanctioned. But this statute merely gives a new right or mode of proceeding, as we have above seen, specifying one mode of notice as that to be observed for the benefit and protection of the creditor, not negativing the power and right of that party to dispense with the form of notice specified, and leaving it entirely within his power to dispense with a form intended for his individual benefit, and not involving any matter of public policy.  In these respects this statute is widely different from those to which it is supposed to be .analogous, and is not to be construed by the rules applicable to them.

It is further objected that, though it were competent to waive the notice in writing, yet that the waiver ought to be clear and explicit.  This is doubtless correct ; but the notice, as averred in these pleas, appears to come fully up to this rule.  It is in substance, that the surety gave notice personally to the principal for the space of at least thirty days before the commencement of the term of the Circuit Court then next, to institute suit on the note against the principal ; and that unless he did so, that the surety would not be

liable on the note; and that the plaintiff, at the time of the notice, promised the surety to sue as directed, &c. Thus the notice to bring the suit, and the object in giving it, are distinctly stated, as well as the argument of the creditor to act upon it; and we can perceive nothing objectionable in it as stated, on the ground of certainty and clearness.

We therefore think that there was no error in overruling the demurrer to the first and second pleas, and in sustaining the demurrer to the replications to those pleas.

The second assignment of error appears to be well taken. The third and fourth pleas each set up two distinct and substantive grounds of defence to the action : 1st. The failure of the plaintiff to sue after notice, and the discharge of the surety in consequence thereof; and 2d. The giving time by the plaintiff to the principal, upon a valuable consideration, without the knowledge and consent of the surety, by reason of which the surety was discharged. Either of these grounds of defence, if maintained by sufficient evidence, was a good defence to the action ; and the joining of them both in one plea rendered the plea bad for duplicity.

But, although the demurrer to these pleas should have been sustained on this ground, yet as the first and second pleas were good and sufficient defences to the action, the judgment cannot be reversed for the error in holding the third and fourth pleas to be good. And accordingly the judgment being correct as the result of the whole pleadings, must be affirmed.