## JOHN STEPHENSON v. R. W. LUTTRELL.

### No. 2770. Decided October 20, 1915.

**1.—Tenants in Common—Improvements—Right to Contribution.**

One tenant in common who for preservation of the value of the property has been compelled to expend money in improving it has the right to recover from his cotenant the proportion of the reasonable expense so incurred corresponding to such cotenant's interest, and enforce the same as a lien against the property. (P. 324.)

**2.—Same—Measure of Liability.**

The amount which a tenant in common may recover from his cotenant for expenses in necessary improvements made is such part of the money actually expended therein as is proportionate to the cotenant's interest. He can not make profit from the transaction, nor charge his cotenant with more than such proportion of the expense by reason of the value of the latter's interest being increased beyond that amount. (P. 324.)

**3.—Same—Case Stated.**

Plaintiff owned an undivided two-thirds interest in a lot in Galveston, low and marshy, and, by reason of work undertaken by the city in raising the grade around it, about to be rendered valueless unless also filled in. It was then possible, by contract with a dredging company filling contracts with the city, to have this done at less cost than the increase in the value of the lot thereby; and such cost, if the filling were to be made later, would be prohibitory. Plaintiff made such contract and had the lot filled, being unable, on inquiry, to ascertain his cotenant, whose deed was not on record. Defendant, who purchased during the progress of the work, and those from whom he acquired the one-third interest, knowing what was going on, stood mute and speculated on the chance of not having to pay for it. Held, that plaintiff was entitled to contribution of one-third of his expenditures for such improvement, and to a lien on his cotenant's interest therefor. (Pp. 321-324.)

**4.—Tenants in Common—Improvements — Contribution — Expenditures— Limitation.**

A tenant in common making improvements upon the property could not recover from his cotenant, as expenditures therein a debt which he had incurred for such improvement, but had not paid, and recovery of which from him by the creditor was barred by limitation. He is restricted to what he has actually paid or must necessarily pay. (Pp. 324, 325.)

**5.—Tenants in Common—Contribution—Pleading.**

Plaintiff, under pleadings alleging the necessary expenditure of·money by him in filling in a lot owned in part by another and seeking contribution therefor, could not recover for so much of such expenditure as went to the filling in of the street adjoining same. If cost of such filling of the street was recoverable as a proper and necessary measure for preserving the value of the lot, it was, still, not recoverable under allegations of expense in filling the lot itself. (P. 325.)

**6.—Same—Evidence—Objection—Waiver.**

Plaintiff's claim as pleaded against his cotenant being for expenses incurred in filling in their lot, defendant did not waive his objection to recovery under such allegations of expense of filling in the adjoining street by failing to object to plaintiff's proof that part of the expense was for that purpose. Defendant was not called on to object to proof which was favorable only to himself since it contradicted plaintiff's allegations that the expenditure was for filling the lot. His objection was properly presented when evidence was offered to show that the street filling was necessary and a proper charge against defendant. (Pp. 325, 326.)

Error to the Court of Civil Appeals, Fourth District, in an appeal from Galveston County.

Luttrell sued Stephenson with others, and obtained judgment. This was affirmed on error by Stephenson, who then procured writ of error from the Supreme Court.

*George C. Clough,* for plaintiff in error.—Contribution rests upon payment, and where there is no payment there can can be no contribution.

A claim barred by limitation can not be made the basis of contribution.

The court erred in permitting the plaintiff to testify and in receiving evidence over the objection of the defendant, that it was necessary to fill the streets, the same not being an issue in this case under the pleadings of the parties.

Where a cotenant pleads for contribution, the relief must be limited to the claim made, and can not be extended beyond the limits of the property owned by them, so as to include streets.

*Maco & Minor Stewart, J. E. Quaid,* and *Lewis G. Lobit,* for defendant in error cited: Branch v. Makeig, 9 Texas Civ. App., 399, 28 S. W., 1050; Freeman on Cotenancy, par. 510.

It was necessary to fill outlot 7 to the middle of the surrounding streets. The owners of outlot 7 own to the middle of the streets. One-half of the streets constitutes part of outlot 7. Owners of property abutting on a highway own to the center thereof. The property could not have been filled and would have been valueless had the streets not been filled.

MR. JUSTICE YANTIS delivered the opinion of the court.

R. W. Luttrell, defendant in error, sued John Stephenson, the plaintiff in error, William E. Stringfellow, Jas. W. Walker, Mrs. Jas. A. Borard and husband, Jas. A. Borard, in trespass to try title for "Outlot No. 7," in the City and County of Galveston; and, in the alternative, sued them for contribution to recover their proportion of the expense incurred by the defendant in error in filling said lot and raising its level, if it should be decided that said Stephenson, plaintiff in error, and others sued with him, owned any interest in the lot.

The defendant in error, Luttrell, alleged in his petition that at the time he contracted to purchase said lot it was a part of a low marsh, worth about $3,500, and that preparations were then being made to fill up the surrounding territory, which was in like condition, and that a necessity existed for the owners of said lot to fill same; and that he made a contract with the North American Dredging Company, with whom he was employed in doing other work, to fill said lot, at a cost of 17½ cents per cubic yard, or at a cost of $6,825.87 for the entire lot; that the filling was to be done by hydraulic process, the solid material

being held in position by the water by which it was borne into the lot and there allowed to settle; and unless the opportunity then offered for filling the lot was availed of it would have been left a hole in the ground, which could not afterwards have been filled except at a cost greatly in excess of its value; that for his own protection, and that of his co-owners, it was necessary that the filling of the lot be done at that time in connection with the general scheme for filling the surrounding territory; and that otherwise it would have been rendered absolutely worthless; whereas, after it was filled it was worth from $10,000 to $12,000, having been raised to a grade of five and five-tenths feet above mean low tide, as required by an ordinance of the City of Galveston.

The defendant in error, Luttrell, in addition to his claim for contribution, sued for the establishment of a lien on the undivided one-third interest of the plaintiff in error, and those under whom he claimed, for a proportionate part of the expense incurred in filling said lot.

The plaintiff in error, John Stephenson, assumed the defense for himself and those under whom he claimed, and alleged that about the 7th day of June, 1909, the defendant, Stringfellow, sold to George Clough, and that about the 18th of the same month he purchased from said Clough. The undisputed evidence established said dates of sale and purchase. He also alleged that neither he nor his vendors had any notice of the claim of a lien by the defendant in error, Luttrell, and that they purchased in good faith for value without notice; that the property was already filled to grade when they bought, and that the defendant in error, Luttrell, had no right or authority to have the lot filled at his expense; and that it was an unnecessary act of an intermeddler.

There is evidence to support the finding that the lot had not been filled when plaintiff in error purchased it, but that the filling began while owned by his vendor the latter part of May, 1909, and continued until July 12, thereafter. It was purchased by plaintiff in error June 18, 1909, and his deed withheld from record.

At the trial the defendant in error, Luttrell, dismissed as to the defendants Jas. W. Walker, Jas. A. Borard, and Mrs. Jas. A. Borard; and also as to Stringfellow, though in the judgment that was entered after the trial the last name was omitted therefrom by a "clear oversight." After the trial the District Court corrected the oversight by rendering a judgment *nunc pro tunc*, dismissing said Stringfellow from the suit.

The case was tried before the court without a jury, and the findings of fact filed by the trial court are as follows:

"I find the facts to be as stated in the petition, except as to the ownership of the one-third interest in outlot No. 7, formerly owned by the defendant Stringfellow, and that the ownership of that interest is as stated in the answer of the defendant Stephenson. I find that the plaintiff acted in good faith and with due diligence in seeking to learn the true ownership of the one-third interest not owned by him, with the purpose of trying to get the owner to join in availing of the oppor-

tunity of having the whole outlot filled at the moderate cost made practical at the time by the North American Dredging Company being in position to do it, growing out of the fulfillment of contracts with the City of Galveston; and that if it had not been filled at the time the out-lot would have become a public nuisance, a menace to the life and health of the inhabitants of the city, and that it could not have been filled later except at a cost entirely prohibitory, because greatly in excess of the value of the property after being filled. I find that the plaintiff in having the outlot filled without the co-operation of the owner of the Stringfellow interest did so because he was unable to learn who the owner was, the deeds of Stringfellow to Clough and of Clough to Stephenson having been withheld from record until after the filing of this suit, and was compelled to do it to save the common property and his own interest in it from being entirely lost and destroyed; that it was properly filled, at moderate cost, and that the plaintiff has paid to the North American Dredging Company in services the cost of the filling, except the sum of $1,000—which he still owes. I find that said filling operations for the area including this outlot began about the last of May, 1909, and were completed on July 12, 1909; and that defendant Stephenson and those under whom he claims, knowing they were going on, stood by mute, and speculated in the chance of not having to pay for it. The total cost of filling the outlot was $6,825.87, payable July 12, 1909. I find that the filling saved the property from becoming valueless and increased its value by a sum at least equal to the expense."

There is evidence of probative force to support all of the findings of fact by the trial court, except the finding that the total cost of filling the lot was $6,825.87, and this finding is true if a filling of a portion of the street adjacent to the lot should be treated as a part of the lot. On this question the evidence shows that 24,358 cubic yards went into the lot, which at $17\frac{1}{2}$ cents per cubic yard, would be $4,262.65, which represents the total amount expended by the defendant in error, Luttrell, in filling said lot; that 14,652 cubic yards went to fill the street, which, at $17\frac{1}{2}$ cents per cubic yard, would be $2,564.10.

The defendant in error, Luttrell, in his amended petition, upon which trial was had, did not allege that he had included any expense of filling any portion of the street. His allegation was, in substance, that he filled outlot No. 7 to the established grade, at an expense of $6,825.87. The evidence shows that this sum covered the expense incurred by him in filling both the lot and the street.

It is contended by the plaintiff in error that he should not be held liable for any portion of the $1,000 which the defendant in error, Luttrell, still owes the North American Dredging Company, since it appears from the undisputed evidence that, as between said Dredging Company and Luttrell, the defendant in error, the said $1,000 is barred by the two years statute of limitation, and not having been paid by the defendant in error, and there being a legal defense to its payment by Luttrell, there should be no contribution required of the plaintiff in error, 'the

expense not having been actually incurred by Luttrell, until he has paid the same. We think this contention must be sustained. When two persons are cotenants in the ownership of land, and one of them incurs expense in the improvement of the property, which is necessary and beneficial, it is equitable that the one incurring the expense shall have contribution from his cotenant in an amount which is in proportion to the undivided interest owned by such cotenant; but there is no principle of equity that will permit him.to speculate on the transaction, and require his cotenant to return to him any greater sum than his proportion of the money actually expended. It is not an undertaking where he would be permitted to profit in any way except in proportion as his cotenant would also make profit. He could not claim more from his cotenant than his proportion of the money actually expended, for equity only allows a reimbursement of the money spent by him in making the improvement. The law implies a contract between him and his cotenant, authorizing him to spend for him the money which was necessarily spent, but further than that there is no implied contract. The cause of action allowed in such cases is not grounded on benefits received, though this be considered an element necessary to recovery, for he would not be authorized in law to spend money for his cotenant for a useless and unnecessary improvement; but the cause is founded on reimbursement for money necessary, or beneficially spent. He could not contend that he drove a good bargain in the improvements, and that they were really worth more to his cotenant than they cost him, and that he should have his cotenant contribute to him in proportion what it should have cost under ordinary circumstances. He must not be permitted to profit either by business ability or otherwise. His cotenant, by rules of equity and justice, is required to contribute back to him his proportion of the expense actually incurred, and no more. He is required to share the burdens of the expense incurred, and being so required he is in justice allowed the benefits that might accrue by reason of the business sagacity of his cotenant making the improvements.

In this case, the defendant in error, Luttrell, has expended for filling the lot and the street the sum of $5,825.87. The plaintiff in error owns a one-third interest in the lot, and should be required to refund to Luttrell one-third of the expense incurred in filling the lot, but nothing for filling the street, in the present state of pleadings, as indicated later herein.

The defendant in error, Luttrell, still owes the North American Dredging Company $1,000 for filling said lot and street, which amount is barred by the two years statute of limitation, since it became due on July 12, 1909, and had not been paid at the time of the trial of this suit, which was had on the 22nd day of March, 1912, nearly three years having elapsed since the maturity of the account. Now the defendant in error, Luttrell, has the legal right to defeat the payment of this claim to said Dredging Company by pleading the statute of limitation. We would not presume that he would plead the statute of limitation, neither

should we assert that he would not, as he has a legal right to do it; but suppose he does plead the statute of limitation against the Dredging Company, and defeats the claim, would equity require that the plaintiff in error, Stephenson, refund to him one-third of this $1,000, disregarding for the sake of discussion that a portion of it was spent in filling the street, when the amount has never been expended by Luttrell? Would a court of equity require the plaintiff in error, Stephenson, to return to Luttrell money that Luttrell had never spent for his benefit? All equity should require would be that Stephenson refund to Luttrell the money that Luttrell spent for his benefit. In no circumstances would Luttrell be allowed, while demanding that Stephenson do equity, to speculate on him in the transaction.

It is no answer to this position to say that Stephenson received the benefits of the $1,000 which has not been paid by Luttrell, for a suit for contribution is not based alone on the benefits received by his cotenant. For instance, the improvements placed on the lot by Luttrell, at an expense of $5,825.87, may have been worth much more than that to Stephenson, but Luttrell would not be heard to demand it, for this would be speculating on his cotenant, whereas the principle of contribution has no element of speculation in it. In cases of this kind it is implied that the person seeking contribution had authority from his cotenant to expend the money that was actually spent. It is the same as if he had been actually instructed by his cotenant to expend that much money for him in improving the lot. This much is implied by law. And if he spent it, equity would demand that it be returned to him; but if he failed to spend it, it would be an injustice to say that it should be returned to him anyhow, by his cotenant.

It follows, from what we have said, that the defendant in error, Stephenson, should not be held, as the judgment of the lower court undertakes to hold him, for the refund to Luttrell of one-third of $1,000 which has not been expended by Luttrell, and which may never be expended by him.

The recovery in favor of the defendant in error, Luttrell, against the plaintiff in error, Stephenson, for one-third the expense of filling the street adjacent to the lot should not have been allowed, there being no allegation in the amended petition by Luttrell, upon which the case was tried, that he had incurred any expense in filling the street, and no allegation that it was necessary to do so as a benefit to said lot. Not having sued for this item, he should not be permitted to recover it in the state of the pleadings. It is contended that there was no objection on the part of the plaintiff in error to the evidence as to the expense incurred in filling the street at the time it was offered, and that by reason of the failure to make a timely objection the error was waived. But we find from the record that the plaintiff in error, Stephenson, did object at the proper time to make the objection. The defendant in error, Luttrell, testified that the expense of filling the lot and the street was $6,825.87, all of which had been paid by him except $1000. There was

no objection made to this evidence, but when the defendant in error was asked by his counsel whether it was necessary to fill said street as a benefit to the lot, the plaintiff in error objected to the evidence, on the ground that there was no allegation in the pleading to support the proof. This objection was overruled, and the plaintiff in error excepted. The objection was made at the proper time. It was permissible for Luttrell to testify that the total expense of $6,825.87 covered the expense of filling the lot and the street, and the plaintiff in error was not called upon to object, for the sufficient reason that the evidence as offered was contradictory of Luttrell's allegation that he had expended said amount in filling the lot. It established for the plaintiff in error that he only expended in filling the lot a portion of the sum; and the evidence went further and established the number of cubic yards which went into the street, whereby it was shown that only $4,262.65 went into the lot, instead of $6,825.87 alleged by Luttrell, the defendant in error. The balance, $2,564.10, went towards filling the street. As the evidence of Luttrell, about filling the street, reduced the claim which he had pleaded against the plaintiff in error $2,564.10, it should not be expected that the plaintiff in error, Stephenson, would object to its introduction. But when it was attempted to fasten on the plaintiff in error the expense of filling the street, by showing that it was necessary to do so, and a benefit to the lot in order to have a way of ingress and egress, the plaintiff in error objected, because there was no pleading to support it. This was the appropriate place to make the objection, and we can not treat the error as having been waived.

We have carefully examined the other assignments and find no error in them which would likely arise upon another trial. For the errors indicated the judgment of the Court of Civil Appeals, and of the trial court, are reversed and the cause is remanded for another trial.

*Reversed and remanded.*