One J. E. Baker executed a note to appellee, and appellant signed the same as surety. After the note became due appellant made a verbal demand upon appellee to bring suit thereon; appellee did not do so for some three years after such demand. In the meantime Baker, who was solvent at the time such demand was made, became insolvent and died. Appellee instituted suit against appellant on said note and recovered judgment thereon.
The statutes provide that a surety may make written demand upon the payee or holder of a note to sue thereon; and in the event he fails so to do at the next term of the court or at the second term, good excuse being shown why he did not sue at the first term, the surety shall be discharged. Revised Statutes, arts. 6329, 6330.
This case was tried before the court without a jury and the court found that appellee, when the verbal demand above referred to was made upon him, promised appellant to bring suit on said note immediately. Appellant contends that this promise operated as waiver of written demand to bring such suit. It is not necessary that we should pass upon this question, inasmuch as appellant did not allege such promise. Evidence as to an issue not pleaded cannot be considered in support of a judgment. Bank v. Harris, 194 S.W. 961; Stephenson v. Luttrell, 107 Tex. 320, 179 S.W. 260; York v. Lumber Co., 169 S.W. 187.
It is immaterial that the court found as a fact that appellee made such promise to appellant. A finding of fact of an issue not pleaded will not support a judgment. Bank v. Grain Co., 187 S.W. 489. The court should have disregarded such testimony and rendered judgment for appellee.
The court rendered judgment for appellee upon the following conclusion of law:
"That the payee, B. F. Russell, at the time he was requested by surety to sue the principal, and at the time he agreed and promised to sue the principal, and make the note out of the assets of the principal, did not waive his right to require the surety to give him notice in writing to sue, and that the surety was not released from liability thereon, and the court finds that oral notice is insufficient in law."
It is immaterial what reason the court gives for a judgment, if it renders a proper judgment in the case.
Finding no error in the record, the judgment of the trial court is affirmed.
Affirmed.