## TURBEVILLE v. WORSHAM et al.
### (No. 2506.)

(Court of Civil. Appeals of Texas. Amarillo. June 3, 1925.)

**1. Principal and surety ⨳129(1) — Surety withdrawing written notice to creditor to sue, notifying him not to sue, or requesting extension of time or acceptance of part payment, waives right to rely on written demand.**

Surety withdrawing written notice to creditor, under Vernon's Sayles' Ann. Civ. St. 1914, art. 6329, to sue on note, notifying him not to sue, or requesting him, before expiration of time for filing suit, to extend time or accept part payment, waives right to rely on such written demand as defense to suit on note.

**2. Principal and surety ⨳126(3) — Creditor may waive written notice by surety to sue on note by promise of protection on receipt of oral notice.**

Creditor may waive written notice by surety, under Vernon's Sayles' Ann. Civ. St. 1914, art. 6329, to sue on note, by promising to protect him on being orally notified that, unless he sued at once to foreclose chattel mortgage securing note, surety would no longer be held as such.

**3. Pleading ⨳34(3)—Reasonable intendments indulged in behalf of pleading.**

Reasonable intendments must be indulged in behalf of pleading.

**4. Pleading ⨳214(1)—Facts alleged in pleading, to which general demurrer was sustained, presumed true.**

In testing pleading, to which general demurrer is sustained, it must be presumed that facts alleged were true.

Appeal from Clay County Court; J. F. Vaden, Judge.

Action by Carl M. Worsham and others against J. H. Turbeville and others. From a judgment against the named defendant, he appeals. Reversed and remanded.

Taylor, Muse & Taylor, of Wichita Falls, for appellant.

Wantland & Glasgow, of Henrietta, for appellees.

JACKSON, J. This suit was instituted in the county court of Clay county, by Carl M. Worsham, Leola P. Hapgood, and her husband, K. M. Hapgood, appellees, composing the unincorporated concern of W. B. Worsham & Co., bankers, against W. H. Buchanan, W. H. Wallis, and J. H. Turbeville. on a promissory note of date April 19, 1918, due 6 months after date, for the sum of $521.20, with interest from maturity at the rate of 10 per cent. per annum, and to foreclose a chattel mortgage on certain property of W. H. Buchanan. The defendants W. H. Buchanan and W. H. Wallis defaulted.

J. H. Turbeville, appellant, by his second amended original answer, pleaded general demurrer; that he executed the note as surety, and admitted plaintiffs' cause of action, except in so far as the same was defeated by his answer, in which he alleged that the note was signed by him as surety only, and, while the chattels pledged by the defendant W. H. Buchanan were in good standing and in the hands of said defendant, that he advised appellants that the said Buchanan was dissipating, wasting, and selling all the chattels upon which appellees had security, and, unless they protected themselves at once under the terms of the mortgage, and sued to foreclose and take over the property, he would no longer be held as surety on the note, and that appellees promised to protect him; that he expected them to foreclose, but they sat by for a great length of time and let the said Buchanan dispose of all of said property, without foreclosing, and were guilty of laches, by reason of which he was discharged and released from the payment of said note or any part thereof, but asked, in the alternative, that if he be held liable, he be given judgment over against the other defendants.

Appellees, by supplemental petition, filed a general demurrer to appellant's answer, which was sustained by the court, and, appellant refusing to amend, judgment was rendered against him with the other defendants for appellees, and for him against the other defendants, and the case is before us to review the action of the trial court in sustaining the general demurrer of appellees against appellant, and in rendering judgment against him.

Article 6329, of V. S. C. S. provides:

"Any person bound as a surety upon any contract for the payment of money or the performance of any act, when the right of action has accrued, may require, by notice in writing, the creditor or obligee to forthwith institute suit upon such contract."

Appellant does not claim that he gave appellees notice in writing as required by this article, for which reason appellees contend that the general demurrer was properly sustained and judgment rendered against appellant.

Appellant's position is that he notified appellees that the defendant Buchanan was dissipating, wasting, and selling the chattels on which they had security, and unless they protected themselves at once under the terms of the mortgage and sued to foreclose, that he would no longer be held as surety, and upon giving such notice, though it was

oral, appellees' promise to him to protect him relieved him of giving the written notice.

Brandt, Suretyship and Guaranty (3d Ed.) vol. 2, par. 776, speaking of the requirement of written notice, says:

"Where a surety orally notified the creditor to sue, and the creditor promised to do so, it was held that this was a waiver of the writing."

In Taylor v. Davis, 38 Miss. 497, in discussing a statute very similar to ours, the court uses this language:

"The mode of giving the notice must have been intended for the benefit of the creditor, giving him the right to require it in writing before his demand against his debtors could be affected by it. It was a mere mode of proceeding in the matter which the statute entitled him to require to be observed; and this right, the pleas aver in effect, that he waived, by accepting notice not in writing, and agreeing to treat it as valid, and to institute the suit as required. It is clear that this is sufficient to entitle the surety to the benefit of the statute. For, first, the mode of notice specified, had reference to the proceeding when it rested upon the mere notice. It conferred an individual right upon the creditor for his own benefit, the form of which he was entirely competent to waive, since it violated no positive statute nor rule of public policy."

This holding is again announced by the Mississippi court in Smith v. Clopton, 48 Miss. 66.

In Hamblin v. McCallister, 4 Bush. (67 Ky.) 418, in construing a statute similar to ours, says:

"Although the statute under which the appellant seeks exoneration prescribes a written notice, yet such notice, in permanent form, is only required for the benefit and security of the obligee against mistakes and subornation. But this legal privilege of requiring written evidence of the notice may be waived by accepting an actual notification without writing, and thus lulling the surety by expressly dispensing with a written form, which could not in fact have given any more information. Had the appellee been silent, or had he objected to the verbal notice, the appellant could not make any other than a written notice available, as the statute entitled the appellee to require it; but the appellee not only waived his right to require a written notice, but expressly accepted the verbal notice as equally satisfactory and effectual."

In the case of Longley v. Johnson, 22 Ga. App. 96, 95 S. E. 315, the Court of Appeals of Georgia holds, construing a statute similar to ours, that, if the surety is assured by the holder of the note that suit will be brought, and because of such assurance he foregoes means of indemnity and protection, and such suit is not brought the surety will be discharged to the extent of the resulting loss.

[1] If the surety gives the creditor the written notice required and thereafter withdraws it or notifies him not to sue as required by the written notice, or if thereafter, and before the time for filing suit as required by the said written notice expires, the surety requests the creditor to indulge the principal by extending the time or excepting a partial payment on the debt, the surety by so doing waives his right to rely on the written demand upon the creditor as a defense until the written notice is renewed. Brandt, Suretyship & Guaranty (3d Ed.) vol. 2, par. 776, and authorities cited. In Fisher v. Russell, 204 S. W. 143, the Austin Court of Civil Appeals declined to pass upon this question because not raised by the pleading.

[2] While the authorities are not in complete harmony, the better reason, in our opinion, sustains the rule that a creditor may waive the written notice required by the statute, and thereby relieve the surety of a compliance therewith in writing.

[3, 4] Indulging the rule of reasonable intendment in behalf of a pleading, and presuming, as the law requires in testing a pleading to which a general demurrer is sustained, that the facts alleged in appellant's answer were true, we are of the opinion that the court erred in sustaining the general demurrer, and the judgment is reversed, and the cause remanded.