Mary Francis CARTER, Appellant,

v.

Vada M. BURLESON, Individually and as Independent Executrix of the Estate of Jeff W. Burleson, Deceased, Appellee.

No. 191.

Court of Civil Appeals of Texas.

Houston (14th Dist.).

Feb. 19, 1969.

Rehearing Denied March 19, 1969.

Charles R. Vickery, Jr., D. Graham Moore, Vickery & McConnell, Houston, for appellant.

Wm. H. Scott, Houston, for appellee.

TUNKS, Chief Justice.

This litigation began as a suit in Harris County, Texas, wherein Jeff Burleson sought a divorce from his wife, Mary Chambless Burleson. After Jeff Burleson's suit was filed, his wife filed suit for divorce against him in the 8th Judicial District Court of Clark County, Nevada. On May 18, 1966, while the Harris County case was still pending, the Nevada court rendered judgment granting Mary Chambless Burleson a divorce. Thereafter she filed an answer in the Harris County case alleging the Nevada decree as a defense to Jeff Burleson's suit for divorce. She also filed a cross-action seeking partition of the community property. That case proceeded to trial in the Court of Domestic Relations No. 3 of Harris County, Texas, before a jury, in January, 1967. At the conclusion of the evidence, the husband took a non-suit as to his suit for divorce, leaving the wife's cross-action the only matter to be tried. The jury found that the wife had not been a bona fide resident of Nevada for six weeks before filing suit for divorce there. Upon that finding the trial court denied the wife a partition of the community, rendered judgment decreeing that the marriage continued and allowed the wife attorney's fees in the amount of $2,500.00. The wife appealed to this Court. In the case of Burleson v. Burleson, Tex.Civ.App., 419 S.W.2d 412, we held that the Nevada decree effectively terminated the marriage on May 18, 1966, af-

firmed the wife's recovery of attorney's fees and remanded the case to the trial court for a trial of the issues as to the partition of the jointly owned property.

After the first trial of this case, Jeff Burleson died. His will, designating his mother, Mrs. Vada Burleson, independent executrix, was admitted to Probate in Scurry County, Texas. By agreement of the attorneys the court signed an order substituting the mother, in her representative capacity, as party plaintiff. Actually, at the time this order was signed, the plaintiff's suit had been dismissed by Jeff Burleson. However, the parties agree that Mrs. Vada Burleson, in her representative capacity, was effectively made a party to the wife's cross-action for partition of the jointly owned property.

Also after the first trial Mary Burleson remarried and her name became Mary Francis Carter.

The cross-action for the partition of the jointly owned property was tried before the court. The trial court rendered judgment dividing what he found to be the community assets as of May 18, 1966, the date of the Nevada court's decree terminating the marriage. From that judgment, Mary Carter perfected appeal. Her points of error are directed at the trial court's ruling as to three items of property. One, the court awarded to the executrix a cause of action for alienation of affections which was the subject matter of a law suit filed by Jeff Burleson during the marriage. Two, the court deducted the judgment for the $2,500 attorney's fees recovered by the wife from the jointly owned property rather than charging it all to the husband's share. Three, the court awarded to the wife one-half of the interest which it found, as a fact, had accrued on May 18, 1966, on three savings accounts, owned by the community, but gave her no part of the interest earned by the accounts after that date.

The appellee, Mrs. Vada Burleson, has not presented any cross points of error as to the trial court's treatment of any item of property, but her brief contains what is called "Statement of Appellee's Point of Fundamental Error." This point is directed to that language of the trial court's judgment which decrees that the cross-plaintiff, Mrs. Carter, recover from the cross-defendant, Mrs. Vada Buleson, *individually* and as temporary executrix, that portion of the jointly owned property awarded to cross-plaintiff.

■ The trial court's order substituting Mrs. Vada Burleson as a party to the lawsuit clearly substitutes her only in her representative capacity as independent executrix of the estate of Jeff Burleson. After she was so substituted, the cross-plaintiff filed an amended pleading in which she named as cross-defendant, "Vada Burleson, individually and as independent executrix of the estate of Jeff W. Burleson, deceased." The trial court's judgment decreed that cross-plaintiff recover from Vada Burleson, individually and in her representative capacity, certain specific items of property as well as a money judgment for about $16,000.00 representing cross-plaintiff's share of jointly owned cash, of which Mrs. Burleson had control in her representative capacity.

The record shows that Mrs. Vada Burleson was never served with citation after the filing of the amended cross-action wherein she was named, individually, as cross-defendant. The record further shows that Mrs. Vada Burleson never executed any waiver of citation. The trial court's judgment, however, recites that the case came on for trial "when came the Cross-Defendant, Vada M. Burleson, individually and as independent executrix of the estate of Jeff W. Burleson, deceased, and announced ready for trial * * *." The judgment was approved as to form by Mrs. Vada Burleson's attorney.

■ Rule 120, Texas Rules of Civil Procedure, provides that "The defendant may, in person, or by attorney, or by his duly authorized agent, enter an appearance in

open court." The appellee, in her brief, contends that the trial court never acquired jurisdiction over her in her individual capacity so that the judgment against her in that individual capacity is fundamental error. However, the pleadings name her in her individual capacity as cross-defendant and the trial court's judgment recites that she, in her individual capacity, appeared and announced ready for trial. There is nothing in the record before us except the protestations in the appellee's brief that shows that Mrs. Vada Burleson did not, in fact, so appear and announce ready as indicated by the trial court's judgment. We are thus bound by the recitations therein. McDonald v. Debco Corp. of Texas, 350 S.W.2d 221, no writ hist.; Lozano v. Vivian, 287 S.W.2d 561, writ ref., n. r. e.; King v. Howell, Tex.Civ.App., 120 S.W.2d 298, no writ hist.; English v. Southwest Broadcasting Co., Tex.Civ.App., 81 S.W.2d 296, no writ hist.; Southwest Nat. Bank of Dallas v. Cates, Tex.Civ.App., 262 S.W. 569, no writ hist. The record before us does not show any fundamental error in the court's rendering judgment against Mrs. Vada Burleson, individually. The appellees have not presented any point questioning the existence of, or sufficiency of, evidence to support a judgment against her. The appellee's request that the judgment be reformed is denied.

The appellant's first complaint as to the trial court's judgment partitioning the joint property relates to the cause of action which was the subject matter of the alienation of affections suit filed by Jeff W. Burleson. While this was a cause of action which accrued during the marriage between Jeff Burleson and his wife, Mary Burleson, it was, nevertheless, not a community asset in which the appellant was entitled to participate on partition of the community incident to a divorce. This conclusion is supported by the following authorities: Nickerson v. Nickerson, (Tex. Sup.Ct.), 65 Tex. 281; Lisle v. Lynch, 318 S.W.2d 763, ref., n. r. e.; Garrett v. Reno Oil Co., Tex.Civ.App., 271 S.W.2d 764,

ref., n. r. e.; Norris v. Stoneham, 46 S.W. 2d 363, no writ hist.; 30 Tex.Jur., Husband and Wife, Sec. 70, p. 127. The trial court therefore did not err in awarding such cause of action to the cross-defendant without making a compensating adjustment in the community estate.

The next contention of the appellant is that the judgment allowing her $2,500 attorney's fees at the conclusion of the first trial of this case became final after the termination of her marriage and should be charged against that portion of the jointly owned property awarded to the cross-defendant. We disagree. The services for which the attorney's fees were allowed began while the parties were married. They continued after the marriage was terminated in Nevada but before it was judicially determined by the Texas courts that such termination had occurred. Under those circumstances it was within the discretion of the trial court to order that they be paid for out of community funds, rather than out of the portion of the community awarded to the former husband's estate. Moore v. Moore, Tex. Civ.App., 192 S.W.2d 929, no writ hist.; Lotz v. Lotz, 185 S.W.2d 481, no writ hist.

The principal asset of the community estate of Jeff and Mary Burleson was $30,-000.00 in cash. In July, 1966, this sum was deposited in three savings accounts in Houston, each deposit being in the amount of $10,000.00. The trial court's judgment recites a finding of fact to the effect that $842.44 interest had accrued on these accounts at the time of the Nevada divorce decree, May 18, 1966. The judgment awards to appellant $421.22 as representing her one-half of this item of jointly owned property. The finding of fact so recited by the trial court obviously was in error since the accounts were not opened until after the Nevada divorce decree.

During the pendency of this litigation and before the first trial, the three Houston savings associations in which these funds were deposited were made parties and were

temporarily enjoined from permitting a withdrawal of the account. The court's judgment rendered after the first trial dissolved those temporary injunctions. As soon as the injunctions were dissolved, Jeff Burleson, in effect, withdrew the accounts. He did this by borrowing against each account the approximate balance of the account, including the accrued interest thereon. He then opened accounts in two savings associations in Austin, Texas, under the name, Jeff Woodward, each account being in the amount of $15,000.00.

During the time the jointly owned money was on deposit in the Houston and Austin savings accounts, it earned $2,770.69 in interest. Since such jointly owned asset was in control of Jeff Burleson, his representative is liable to account for its earnings. The uncontradicted evidence, therefore, shows that appellant was entitled to recover from Jeff Burleson's estate the sum of $1,385.34, as representing half of the earnings of the jointly owned assets, instead of the sum of $421.22 awarded her by the trial court. To accomplish this the trial court's judgment will be reformed by allowing the cross-plaintiff recovery of an additional sum of $954.12 against the cross-defendant in her representative capacity, only.

The appellee contends that in the accounting between the parties concerning the earnings on the jointly owned money, credit should be allowed for the interest paid by Jeff Burleson on the money he borrowed from the Houston savings associations against the joint accounts. We overrule that contention. Before Jeff Burleson's estate would be entitled to such credit, its representative would have the burden of proving that the expense so incurred was necessarily incurred for the benefit of the jointly owned asset. Stephenson v. Luttrell, 107 Tex. 320, 179 S.W. 260; Shaw & Estes v. Texas Consolidated Oils, 299 S.W.2d 307, ref., n. r. e. There is no evidence showing that the interest was necessarily paid for the benefit of the

joint asset. Rather, the evidence shows that Jeff Burleson incurred the interest expense in his effort to hide the jointly owned money from his former wife.

For the reasons stated, we hold that the judgment of the trial court should be affirmed except in that it should be reformed by awarding Mary Francis Carter a judgment of $964.12 against the cross-defendant in her representative capacity, only, in addition to the monies awarded to her by the trial court. As so reformed, the judgment of the trial court is affirmed.

Reformed and affirmed.