**CITY OF GRAND PRAIRIE, Texas,
Appellant,**

v.

**CITY OF IRVING, Texas, Appellee.**

No. 17264.

Court of Civil Appeals of Texas.

Dallas.

April 25, 1969.

Rehearing Denied May 23, 1969.

Jerry D. Brownlow, Grand Prairie, for appellant.

John F. Boyle, Jr., Irving, for appellee.

DIXON, Chief Justice.

This suit was filed by appellee City of Irving, Texas against appellant City of Grand Prairie, Texas to compel contribution by the latter of one-half the money ex-

pended by the City of Irving in the relocation of a portion of a 48-inch water line jointly owned by the two cities.

The trial court rendered a summary judgment in favor of appellee in the amount of $24,073.78. This was one-half the amount expended by appellee in connection with the relocation in controversy.

### FACTS

The two cities lie adjacent to each other and to the City of Dallas, Texas. All three are located in Dallas County.

On January 17, 1955 appellant and appellee entered into a contract with the City of Dallas for the purchase of a supply of treated water at a price of 15 cents per thousand gallons. This contract required the City of Irving and the City of Grand Prairie jointly to construct and operate at their own expense a pipeline to convey the purchased water to the two cities. The 48-inch line connects wtih the Dallas Water System at Field Circle in the City of Dallas, runs along State Highway Loop 12, then along Highway No. 183 to Carpenter Road in the City of Irving.[1] The portion of the line involved in this dispute lies within the City of Irving.

On February 22, 1955 the City of Irving and the City of Grand Prairie entered into a contract with each other pursuant to which contract the 48-inch water line was constructed and has been in operation for a number of years. This contract is plain and unambiguous. Its legal effect is not disputed: (1) the 48-inch line was jointly constructed and equally paid for and is jointly owned by the two cities; (2) the total "operation, repair and maintenance cost" is paid by each city proportionately in the same ratio which each city pays the City of Dallas for water; (3) each city has the right to receive and use one-half

of all water flowing through the water line and also to receive and use any water which the other city does not desire.

In May 1965 the State Highway Department of the State of Texas notified the City of Irving of the necessity to remove and relocate part of the 48-inch water line lying in the City of Irving because the State was about to construct Spur No. 348 from Loop 12 to Highway No. 114.

Upon receipt of this notice officials of Irving communicated with officials of Grand Prairie, seeking an agreement for the relocation of the portion of the water line in question, the expense of the relocation to be borne equally by the two cities.

On January 20, 1966 the City Council of Irving passed Resolution No. 1–20–66–41 which called on the City of Grand Prairie to approve the awarding of a contract to Kemp Construction Company in the amount of $62,340.50.

On February 8, 1966 the City Council of Grand Prairie passed its Resolution No. 1370 "authorizing the City of Irving, Texas to let a contract for the relocation of a water line jointly owned" by the two cities. This resolution recognizes the imminent road improvement by the State of Texas which *"renders it necessary"*[2] to relocate the water line; it recites that an emergency exists *necessitating* the immediate letting of a contract so as not to interrupt the flow of water through the water line serving the two cities; it states that the City of Grand Prairie "has not and can not at this time determine the necessity or amount of its participation in the cost"; but it authorizes the City of Irving to let the contract to Kemp Construction Company—the entire cost of such relocation to be borne *at this time* by the City of Irving; and it *ratifies and approves* all acts of the

---

1. The City of Grand Prairie contracted to construct a 36-inch water line beginning at Carpenter Road in Irving and extending along Belt Line Road to Grand Prairie. Irving retained certain rights in the line. This 36-inch line is not involved in the present controversy.

2. Emphases throughout this opinion are ours.

City of Irving done in connection with advertising, receiving bids, etc.[3]

The City of Irving proceeded to let the contract and thereafter paid out the sum of $48,147.56 on the cost of the relocation. The State paid a part of the total cost.

The City of Irving then made demand on the City of Grand Prairie for one-half the costs paid by the City of Irving. This demand was refused by the City of Grand Prairie.

The court, after crediting the portion of the costs of relocation paid by the State, rendered judgment against Grand Prairie for $24,073.78, that sum being one-half

the amount paid by the City of Irving toward the relocation of the water line.

## OPINION

In two points of error appellant contends (1) that the City of Grand Prairie has committed no act which created contractually or otherwise, any legal obligation to bear any portion of the expense of relocation; and (2) if there is any right of contribution it must be determined on equitable principles which requires a review of all the facts and circumstances surrounding the contract, including the actual usage to which the water main is being put. We see no merit in either of these points.

---

3. The resolution in full is as follows:

"RESOLUTION NO. 1370

A RESOLUTION AUTHORIZING THE CITY OF IRVING, TEXAS, TO LET A CONTRACT FOR THE RE-LOCATION OF A WATER LINE *JOINTLY OWNED* BY SAID CITY AND THE CITY OF GRAND PRAIRIE, TEXAS.

WHEREAS, the City of Grand Prairie, Texas, and the City of Irving, Texas *jointly own* a water line extending from Field Circle in the City of Dallas, Texas, to the Cities of Irving and Grand Prairie, Texas, and

WHEREAS, the imminent construction and improvement of Loop 12, at the intersection of State Highway 114 and Spur 348, *renders it necessary to relocate such water line* and bids for such relocation have been duly advertised for and received by the City of Irving, Texas, and under which the cost of such relocation is estimated as $62,340.50, and

WHEREAS, the construction and improvement of said highway is a project of the State of Texas and County of Dallas, and said State and County will participate in the cost of relocation of such water line, but the extent of such participation is not determinable at this time, and

WHEREAS, the City of Grand Prairie, Texas, has not and can not *at this time* determine the necessity or amount of its participation in the cost of the relocation of such water line, and

WHEREAS, *an emergency exists necessitating the immediate letting of such contract so as to complete the relocation of said water line so as not to interrupt*

*the flow of water through same to the Cities of Grand Prarie and Irving, Texas,* during the time of the peak water demand of said Cities.

NOW, THEREFORE, BE IT RE-SOLVED BY THE CITY COMMIS-SION OF THE CITY OF GRAND PRAIRIE, TEXAS:

That the City of Irving, Texas, be, and hereby is, authorized and empowered to immediately let the contract for the relocation of the water line *owned jointly* by said City and the City of Grand Prairie, Texas, to facilitate the construction and improvement of said highway, to Kemp Construction Company of Irving, Texas, at the cost of $62,340.50, the entire cost of such relocation to be borne *at this time* by the City of Irving, Texas.

That all acts of the City of Irving, Texas, done in connection with the advertisement for and receipt of bids for the construction of said relocation be, and same are, hereby in all things ratified and approved, and

That the City of Grand Prairie, Texas, make all efforts to cause the State of Texas and County of Dallas to pay as great a portion of the necessary cost of such relocation as possible under the policies of said State and County.

PASSED AND APPROVED BY THE CITY COMMISSION OF THE CITY OF GRAND PRAIRIE, TEXAS, this 8th day of FEBRUARY, A. D. 1966.

s/ C. P. Waggoner

MAYOR, City of Grand Prairie, Texas

ATTEST:

By s/ Melba Flagg

City Secretary "

Appellant City of Grand Prairie filed no answer to the motion for summary judgment filed by appellee City of Irving and filed no affidavits or any other form of evidence controverting appellee's motion. On the other hand appellee's motion for summary judgment and the facts hereinbefore summarized are supported by pleadings, answers to requests for admissions, written interrogatories, certified copies of documents and resolutions and affidavits of appellee's City Manager, its Assistant Director of Public Works and its City Treasurer. We think that under the circumstances presented by this record the court properly granted summary judgment. Hall v. Texas Dept. of Public Safety, 413 S.W.2d 470, 472 (Tex.Civ.App., Austin 1967, no writ); Chalkley v. Ashley, 392 S.W.2d 752 (Tex.Civ.App., Dallas 1965, no writ); Harbison v. Jeffreys, 353 S.W.2d 65, 69 (Tex.Civ.App., El Paso 1961, no writ); Hansen et al v. Eagle Mountain-Saginaw Ind. School Dist., 373 S.W.2d 817 (Tex.Civ.App., Fort Worth 1963, writ ref'd n. r. e.).

In connection with its first point of error appellant points out that the trial court made no findings of fact or conclusions of law. Therefore, says appellant, this judgment cannot "be supported upon appeal by any presumption of finding upon any ground of recovery, no element of which has been found by the trial court. (Rule 299, Vernon's Texas Rules of Civil Procedure)." We do not agree with appellant.

■ Findings of fact are appropriate only in deciding issues of fact and are not appropriate in connection with the rendering of a summary judgment. The very principle upon which summary judgments are founded is that the record presents no genuine issue of material fact and that the moving party is entitled to judgment as a matter of law. Rule 166–A, Section (c), Vernon's Texas Rules of Civil Procedure. Where a summary judgment is granted if findings are made at the request of a party they are not controlling on appeal. Therefore the fact that the trial court made no

findings in this case has no effect whatever in determining the propriety of the summary judgment. Rolfe v. Swearingen, 241 S.W.2d 236 (Tex.Civ.App., San Antonio 1951, writ ref'd n. r. e.); Quarles v. State Bar of Texas, 316 S.W.2d 797 (Tex. Civ.App., Houston 1958, no writ); Wright v. Bida, 359 S.W.2d 661 (Tex.Civ.App., Fort Worth 1962, no writ); Kellum v. Pacific National Fire Ins. Co., 360 S.W.2d 538 (Tex.Civ.App., Dallas 1962, writ ref'd n. r. e.); Estes v. Reding, 377 S.W.2d 233 (Tex.Civ.App., El Paso 1964, writ ref'd n. r. e.).

■ It is well established that the State of Texas, under the conditions here present, may require the owner of utilities to relocate the utilities at the owner's cost in connection with the State's improvement of a highway. Travis-Williamson County Water Control and Improvement Dist. No. 1 v. State of Texas, 359 S.W.2d 528 (Tex. Civ.App., Austin 1962, writ ref'd n. r. e.); City of San Antonio v. Bexar Metropolitan Water Dist., 309 S.W.2d 491 (Tex.Civ.App., San Antonio 1958, writ ref'd).

■ It is equally well established in Texas that when one of joint owners of property pays for improvements on the property which are necessary and beneficial the owner who incurred such expense shall have contribution from the other joint owners in an amount in proportion to the interests of the other joint owners. And the law will imply a contract on the part of one co-tenant to reimburse his co-owner for his proportionate part of moneys so spent. Stephenson v. Luttrell, 107 Tex. 320, 179 S.W. 260, 262 (1915); Shaw & Estes v. Texas Consolidated Oils, 299 S.W.2d 307, 313 (Tex.Civ.App., Galveston 1957, writ ref'd n. r. e.); Allen v. Allen, 363 S.W.2d 312, 316 (Tex.Civ.App., Houston 1962, no writ); Manning v. Benham, 359 S.W.2d 927, 932 (Tex.Civ.App., Houston 1962, writ ref'd n. r. e.); 15 Tex.Jur.2d, § 12, p. 169.

Appellant says that it should not be required to reimburse the City of Irving in any amount because it received no benefit

from the relocation of the water line. There is no merit to this contention. The resolution of February 8, 1966 passed by the City of Grand Prairie in one of its "whereas" paragraphs recognizes that "an emergency exists *necessitating* the immediate letting of such contract *so as to complete the relocation of said water line so as not to interrupt the flow of water through same to the Cities of Grand Prairie and Irving, Texas,* during the time of the peak water demand of the said Cities." The benefit to the City of Grand Prairie was a continuance of the flow of water to it through the water line, which flow of water would have been interrupted if the line had not been relocated.

In its unsworn Original Answer the City of Grand Prairie alleges that the State Highway improvements which necessitated the relocation of the water line were made at the instance and request of the City of Irving. But there is no evidence in support of this allegation. The pleading alone does not raise a fact issue in the face of the affidavits and other evidence presented by the City of Irving; Gulf, Colorado & Santa Fe Ry. Co. v. McBride, 159 Tex. 442, 322 S.W.2d 492, 500 (1958); Kuper v. Schmidt, 161 Tex. 189, 338 S.W.2d 948 (1960); Allen v. Western Alliance Ins. Co., 162 Tex. 572, 349 S.W.2d 590, 594 (1961); Akins v. Coffee, 376 S.W.2d 953 (Tex.Civ. App., Dallas 1964, writ dism'd); and also in the face of the admission by the City of Grand Prairie in its resolution of February 8, 1966 that the relocation was necessary. The State had the power and right in the exercise of its police power to make the highway improvements. It is immaterial in the absence of fraud whether either the City of Irving or the City of Grand Prairie favored or opposed the making of the improvements, or whether the desire of either city had any effect on the decision of the State to make the improvements.

■ Appellant City of Grand Prairie also pleads in the alternative in its Original Answer that if it is to be charged with any amount of the cost of relocation it should not be charged with one-half of the costs, but should be charged in proportion to the amount of water it actually used last year, which would be only the sum of $2,837.22.

Appellant bases the above pleading on Section 9 of the contract between the Cities of Irving and Grand Prairie. This section provides that "The total *operation, repair and maintenance* cost * * * will be paid by each City proportionately in the same ratio which each City pays the City of Dallas for water, * * *."

We disagree with appellant for these reasons:

(1) There is no evidence in the record that appellant's proportionate share of the cost of water used as so computed would be $2,837.22.

(2) Section 9 of the contract does not include the cost of relocating the water line. Appellant itself concedes as much. Its primary contention is that there is nothing in the contract, including Section 9, which binds it to pay any part of the expense of relocation.

(3) The contract expressly provides in Section 4 that each city shall have the *right* to use and receive one-half of all water flowing through the 48-inch water main.

(4) It is undisputed that the line is jointly and equally owned by the two cities.

Appellant's two points of error are overruled.

The judgment of the trial court is affirmed.