**Elfida CHAVEZ, Appellant,**

v.

**The HOUSING AUTHORITY OF the CITY OF EL PASO, Appellee.**

No. 08–93–00422–CV.

Court of Appeals of Texas,
El Paso.

March 3, 1994.

Justo Fernandez–Gonzalez, El Paso Legal Assistance, El Paso, for appellant.

Michael C. Crowley, Edward Dunbar, Christie, Berry & Dunbar, El Paso, for appellee.

Before BARAJAS, C.J., and LARSEN and McCOLLUM, JJ.

## OPINION ON MOTION

PER CURIAM.

Appellee, Housing Authority of the City of El Paso, has filed its motion to dismiss for want of jurisdiction. It claims that because this case was disposed of by summary judgment, Appellant's request for findings of fact and conclusions of law was inappropriate and did not extend appellate deadlines under TEX. R.APP.P. 41(a)(1). This appears to be a question of first impression. We find that Appellant's request, even if lacking other legal effect, did act to extend the filing deadlines.

### RULE 41(a)(1)

Before 1990, a request for findings of fact and conclusions of law did not extend Appellant's deadline for perfecting the appeal. In that year, the Supreme Court amended the applicable rule to provide:

> [T]he [appeal] bond or affidavit in lieu thereof shall be filed with the clerk within thirty days after the judgment is signed, or, within ninety days after the judgment is signed if a timely motion for new trial has been filed by any party *or if any party has timely filed a request for findings of fact and conclusions of law in a case tried without a jury.* TEX.R.APP.P. 41(a)(1). [Emphasis added].

In support of its claim that the rule does not apply here, the Housing Authority cites cases holding that summary judgment is not a "trial" on the merits, and holding that findings of fact and conclusions of law have no place in a summary judgment proceeding.[1] *Richards v. Allen*, 402 S.W.2d 158, 161 (Tex.

1966); *Fulton v. Duhaime*, 525 S.W.2d 62, 64 (Tex.Civ.App.—Houston [1st Dist.] 1975, writ ref'd n.r.e.). It urges, therefore, that because there are no factual disputes to resolve in a summary judgment proceeding, Appellant's request was of no legal consequence and cannot extend time for filing an appeal. We disagree for two reasons.

First, we believe this situation is analogous to those where courts of appeals have found that defective motions for new trial, although preserving nothing for review, nevertheless extend time for perfecting an appeal. *Vasquez v. Carmel Shopping Center Co.*, 777 S.W.2d 532, 534 (Tex.App.—Corpus Christi 1989, writ denied) ("the appellate timetable will be extended 'if a timely motion for new trial has been filed.' These rules do not require compliance with TEX.R.CIV.P. 321 and 322, and they do not exclude cases resolved by summary judgment."); *Neily v. Aaron*, 724 S.W.2d 908, 911 (Tex.App.—Fort Worth 1987, no writ) (same). These cases focus on the *timeliness* of the post-judgment motion, rather than on its content or effectiveness, in determining whether it extended deadlines imposed by the appellate rules. We see no reason why this approach should not apply to erroneous requests for findings of fact and conclusions of law, as well.

Second we note that, strictly speaking, neither a motion for new trial nor a request for findings of fact and conclusions of law is the proper post-judgment filing in a summary judgment case. A motion for reconsideration is probably the most accurate label for a losing party's request in this situation, but the rules of appellate procedure do not mention such a pleading. Thus, a literal reading of TEX.R.APP.P. 41 would preclude any extension of appellate deadlines in summary judgment cases. We do not believe this is a result intended, nor do we believe the rule has been interpreted that way in the past. We also note that timely filed motions to

---

1. Although it is clear that findings of fact are not appropriate in summary judgment cases, we see no reason that conclusions of law may not be requested in summary judgment situations. *See Samaniego v. El Paso Towing, Inc.*, 836 S.W.2d 702, 704 (Tex.App.—El Paso 1992, writ denied). Conclusions of law could limit the scope of appeal and provide the appellate court with insight into the trial court's reasoning in granting judgment as a matter of law. Although we have not seen this vehicle used in this fashion, we see nothing in the rules or caselaw precluding it. For this reason, too, we believe that Appellee's request here was adequate to extend her deadline for perfecting appeal.

**418**

reinstate, although not specifically mentioned in Rule 41, extend appeal deadlines as do motions for new trial. *Butts v. Capitol City Nursing Home, Inc.*, 705 S.W.2d 696, 697 (Tex.1986). It seems clear, therefore, that the name of a motion should not control its effect under Rule 41.

## *CONCLUSION*

In sum, we believe that the label given a post-judgment pleading is not a proper focus in deciding whether it extends the timetables set out in TEX.R.APP.P. 41(a)(1). Rather, if the pleading either assails the judgment entered, or (after a judgment by the court without a jury) requests that the trial court elaborate on the judgment, factually or legally, that is sufficient to enlarge the time for perfecting the appeal under TEX. R.APP.P. 41(a)(1). We believe that technical questions of what is a "trial," of whether any particular pleading actually serves to preserve questions for appeal and of what a pleading is most properly called, are irrelevant to a determination of when an appellate deadline runs. We believe that the Texas Rules of Appellate Procedure (despite their acronym) should not serve as pitfalls for the unwary, but should be interpreted, if possible, to avoid jurisdictional dismissals on technical grounds. *See Harris County Hospital District v. Estrada*, 831 S.W.2d 876, 878 (Tex.App.—Houston [1st Dist.] 1992, no writ).

We therefore hold that Appellant's timely request for findings of fact and conclusions of law extended her time for filing the appeal bond, or affidavit in lieu, until ninety days after the summary judgment was signed. Appellee Housing Authority's motion to dismiss for want of jurisdiction is denied.