Ray G. BESING, Individually and Ray G. Besing & Associates, P.C., Appellants,

v.

Jack A. MOFFITT, Jr., Individually and Sullivan & Ave, a General Partnership, Appellees.

No. 07–93–0360–CV.

Court of Appeals of Texas, Amarillo.

Aug. 1, 1994.

Besing & Porterfield, Ray G. Besing and Collin D. Porterfield, Dallas, for appellants.

David W. Evans, P.C., David W. Evans, Jack Moffitt and Associates, Jack A. Moffitt, Jr., Dallas, for appellees.

Before REYNOLDS, C.J., and BOYD and POFF, JJ.

BOYD, Justice.

In five points of asserted error, appellants Ray G. Besing and Ray G. Besing & Associates challenge a take-nothing summary judgment in favor of appellees Jack A. Moffitt, Jr. and Sullivan & Ave. In the suit giving rise to this appeal, appellants sought recovery under various theories of negligence (legal malpractice), fraud, conspiracy to defraud, interference with business and contractual relations, and for violations of the Texas Deceptive Trade Practices–Consumer Protection Act.[1] For reasons hereinafter expressed, we lack jurisdiction and must dismiss the appeal.

As it is dispositive of the appeal, we need only discuss appellee Sullivan & Ave's first cross-point, which asserts that appellants failed to timely perfect their appeal. We agree.

---

1. Tex.Bus. & Com.Code Ann. §§ 17.41–.63 (Vernon 1987 & Supp.1994).

The trial court rendered its final take-nothing summary judgment on May 14, 1993 and, on the same date, entered its order granting sanctions against appellants by virtue of Rule 13 of the Texas Rules of Civil Procedure. On June 3, 1993, appellants filed a request for findings of fact and conclusions of law. On July 6, 1993, they renewed the request for findings of fact and conclusions of law by filing an instrument denominated "Notice of Past Due Findings of Fact and Conclusions of Law." On August 12, 1993, appellants filed their appellate cost bond. The transcript was filed on September 10, 1993. Neither party filed a motion for new trial.

It is well established that if an appellant does not timely file an appellate cost bond, the appeal is a nullity and must be dismissed. *Davies v. Massey,* 561 S.W.2d 799, 800 (Tex.1978); *Wilcox v. Seelbinder,* 840 S.W.2d 680, 683 (Tex.App.—El Paso 1992, writ denied); Tex.R.App.P. 13(i). When security is required, Rule 41(a)(1) of the Texas Rules of Appellate Procedure requires that a bond or affidavit in lieu thereof be filed within thirty (30) days from the date the trial court signs its final judgment. The rule itself provides only two exceptions to the thirty-day filing requirement: (1) if any party has filed a timely motion for new trial, or (2) if any party has timely filed a request for findings of fact and conclusions of law in a case tried without a jury. If either of these two exceptions exist, the filing time is extended to ninety (90) days from the date the final judgment is signed. Tex.R.App.P. 41(a)(1). The Texas Supreme Court has engrafted a third method of extending the timetable in limited instances where an appellant files an instrument in a "bona fide attempt to invoke the appellate court's jurisdiction." *Grand Prairie Sch. D. v. Southern Parts,* 813 S.W.2d 499, 500 (Tex.1991). *See also Jinkins v. Bryan,* 733 S.W.2d 268, 269 (Tex.App.—Amarillo 1987, no writ).

Inasmuch as appellants filed their cost bond after the expiration of the thirty-day deadline, we must determine whether their filing of a request for findings of fact and conclusions of law in the summary judgment proceeding extended the appellate timetable so as to render their cost bond timely. There is a paucity of cases considering this question. Indeed, we have found only two very recent cases in which the question was considered and, in those two cases, the courts came to different conclusions. In *Lingwood v. NCNB of Texas,* 876 S.W.2d 393 (Tex. App.—Dallas 1994, n.w.h.), the court held that such a request did not extend the thirty-day time limit, *id.* at 395, whereas in *Chavez v. Housing Authority,* 876 S.W.2d 416 (Tex. App.—El Paso 1994, n.w.h.), the court reached the opposite conclusion and held the request operated to extend the thirty-day limit. *Id.* at 418. For the following reasons, we believe the Dallas court reached the correct conclusion and join it in holding that a request for findings of fact and conclusions of law in a summary judgment proceeding does not operate to extend the thirty-day time limit for filing an appellate cost bond.

It is the well established rule that summary judgments should be granted and, if granted, should be affirmed only if the summary judgment record establishes a right thereto as a matter of law. *Gibbs v. General Motors Corporation,* 450 S.W.2d 827, 828 (Tex.1970); *Wilcox v. St. Mary's University of San Antonio,* 531 S.W.2d 589, 592–93 (Tex.1975); Tex.R.Civ.P. 166a(c). Thus, the question on appeal from a summary judgment is not whether the summary judgment evidence raises a fact issue on the essential elements of the claim; rather, the query is whether the evidence establishes, as a matter of law, that there is no issue of material fact. *Rodriguez v. Naylor Industries, Inc.,* 763 S.W.2d 411, 413 (Tex.1989).

Rule 296 of the Texas Rules of Civil Procedure only requires the filing of findings of fact and conclusions of law in cases "tried in the district or county court without a jury."[2] A case is "tried" within the purview of the rule when there is an evidentiary hearing before the court upon conflicting evi-

**2.** The trial judge is only required to file findings of fact and conclusions of law if a party to the suit requests such findings, in writing, within twenty (20) days after the judgment in the action is signed.

dence. Thus, findings of fact are only appropriate when the court is deciding issues of fact. *City of Grand Prairie v. City of Irving*, 441 S.W.2d 270, 273 (Tex.Civ.App.—Dallas 1969, no writ); *Zimmerman v. Robinson*, 862 S.W.2d 162, 164 (Tex.App.—Amarillo 1993, n.w.h.).

In granting a summary judgment, a trial court makes the determination that no material issues of fact exist. Conversely, when it denies such a judgment, it holds that such issues exist; however, it does not decide the issues. *Kovac v. Hicks*, 416 S.W.2d 496, 497 (Tex.Civ.App.—Eastland 1967, writ ref'd n.r.e.) (quoting *Rolfe v. Swearingen*, 241 S.W.2d 236, 241 (Tex.Civ.App.—San Antonio 1951, writ ref'd n.r.e.)). That being true, a summary judgment proceeding has not been "tried" within the purview of Rule 296 or for the purpose of requesting findings of fact and conclusions of law. *Zimmerman*, 862 S.W.2d at 164.

The Texas Supreme Court has held that a motion for new trial "is not necessarily inappropriate following entry of a summary judgment." *Torres v. Western Casualty and Surety Company*, 457 S.W.2d 50, 51 (Tex. 1970). However, the cases are legion holding that findings of fact and conclusions of law have no place in summary judgment proceedings. *State v. Easley*, 404 S.W.2d 296, 297 (Tex.1966); *Tobias v. University of Texas*, 824 S.W.2d 201, 206 (Tex.App.—Fort Worth 1991, writ denied), *cert. denied*, —— U.S. ——, 113 S.Ct. 966, 122 L.Ed.2d 122 (1993); *Robbins v. Warren*, 782 S.W.2d 509, 511 (Tex.App.—Houston [1st Dist.] 1989, no writ); *Starnes v. Holloway*, 779 S.W.2d 86, 90 (Tex.App.—Dallas 1989, writ denied). The failure to make such findings is not error and, if made, they are correctly disregarded by the appellate court. *Cotton v. Ratholes, Inc.*, 699 S.W.2d 203, 204 (Tex.1985) (court of appeals correctly disregarded trial court's findings of fact in summary judgment proceeding); *Ramirez v. Gordon's Jewelry Co. of Texas*, 763 S.W.2d 34, 37–38 (Tex.App.—Corpus Christi 1988, no writ) (it is not error to refuse to make findings of fact and conclusions of law in a summary judgment proceeding).

In view of the longstanding, consistent, and repeated holdings of the various courts that have determined that requests for findings of fact are inappropriate when the trial court decides a case by summary judgment, we join the Dallas Court of Appeals in holding that a request for such findings does not operate to extend the appellate timetable in such instances.

Additionally, we do not think the filing of a request for findings of fact is the type of "bona fide attempt to invoke the appellate court's jurisdiction" contemplated by the supreme court in *Grand Prairie*. *Grand Prairie*, 813 S.W.2d at 500. In that case, the court held that when an appellant has attempted to invoke appellate jurisdiction by timely filing a deficient appeal bond, notice of appeal, or affidavit in lieu thereof, a court of appeals, upon an appellant's motion, must allow that appellant an opportunity to amend or refile the instrument required to perfect the appeal. *Id.; see also Wilcox*, 840 S.W.2d at 681–82. A request addressed to a trial court for findings of fact and conclusions of law is not that type of instrument.

We are fully cognizant of the policy that decisions of the courts of appeal should turn on substance rather than procedural technicalities; however, only the Texas Supreme Court can interpret the unambiguous requirements of Rule 41(a)(1) and thus clarify whether the failure to file an instrument required to perfect an appeal is a matter of substance or a mere procedural technicality. Moreover, only that court can enlarge a jurisdictional limit. *Wilcox*, 840 S.W.2d at 683; *White v. Baker & Botts*, 833 S.W.2d 327, 329 (Tex.App.—Houston [1st Dist.] 1992, no writ); *Sifuentes v. Texas Employers' Ins. Ass'n*, 754 S.W.2d 784, 788 (Tex.App.—Dallas 1988, no writ).

Absent the availability of an exemption and the filing of a timely appeal bond, appellants' attempted appeal is a nullity and requires us to dismiss this cause. Tex.R.App.P. 13(i). Thus, we must, and do hereby, sustain appellee Sullivan & Ave's first cross-point. As we have no jurisdiction to consider this appeal, it is not necessary to discuss appellants' points of error or appellee Sullivan & Ave's second cross-point.

Accordingly, this attempted appeal is hereby dismissed for want of jurisdiction.