**Elfida CHAVEZ, Appellant,**

v.

**HOUSING AUTHORITY OF the CITY OF EL PASO, Appellee.**

**No. 08–93–00422–CV.**

Court of Appeals of Texas, El Paso.

April 13, 1995.

Justo Fernandez–Gonzalez, El Paso Legal Assistance, El Paso, for appellant.

Michael C. Crowley, Edward Dunbar, Dunbar & Barill, El Paso, for appellee.

*OPINION ON MOTION
FOR REHEARING*

PER CURIAM.

## NATURE OF THE CASE

Appellant Elfida Chavez appealed an adverse jury verdict in a forcible entry and detainer case by trial de novo to the county court at law. The county court at law granted summary judgment in favor of the El Paso Housing Authority ("EPHA") and Chavez appealed to this Court. Appellant's Motion for Rehearing is granted; we withdraw our opinion of March 9, 1995 and substitute the following. We dismiss the appeal for want of jurisdiction.

## PROCEDURAL STATEMENT OF FACTS

The county court at law granted summary judgment on June 28, 1993. Chavez filed a request for findings of fact and conclusions of law July 19, 1993, and a notice of past due findings of fact and conclusions of law on August 13, 1993. Her cash deposit in lieu of cost bond on appeal was filed with the district clerk on September 27, 1993.

EPHA moved to dismiss Chavez' appeal for want of jurisdiction on February 1, 1994. We denied EPHA's motion in a published opinion. *Chavez v. Housing Authority,* 876 S.W.2d 416 (Tex.App.—El Paso 1994, no writ). Having determined that our prior opinion has been implicitly overruled by a subsequent Supreme Court decision, we revisit the jurisdictional issue *sua sponte.*

## EXTENSION OF APPELLATE TIMETABLE

■ Texas Rules of Appellate Procedure, Rules 40 and 41 establish the process for perfecting an appeal. The normal process for the perfection of a civil appeal is the filing of a cost bond, cash deposit, or affidavit of inability to pay costs on appeal, and giving notice thereof to all other parties. It is the timetable for the filing of these documents which becomes critical in this case. "When security for costs on appeal is required, the bond or affidavit in lieu thereof shall be filed with the clerk within thirty days after the judgment is signed, or, within ninety days after the judgment is signed if a timely motion for new trial has been filed by any party **or if any party has timely filed a request for findings of fact and conclusions of law in a case tried without a jury.**" [Emphasis added]. Tex.R.App.P. 41(a)(1). In the instant cause, Chavez filed a timely request for findings and conclusions; she filed no motion for new trial.

■ The emphasized provision in Tex. R.App.P. 41(a)(1) clearly relates to Tex. R.Civ.P. 296, which only entitles a party to findings of fact and conclusions of law in cases "tried in the district or county court without a jury." A case is "tried" when there is an evidentiary hearing before the court upon conflicting evidence. *Besing v. Moffitt,* 882 S.W.2d 79 (Tex.App.—Amarillo 1994, no writ); *Timmons v. Luce,* 840 S.W.2d 582, 586 (Tex.App.—Tyler 1992, no writ). Any other interpretation would "ignore the clear and concise language of rule 41(a)(1) and render the word 'tried' meaningless." *Zimmerman v. Robinson,* 862 S.W.2d 162, 164 (Tex.App.—Amarillo 1993, no writ). Thus, findings of fact are appropriate only in those circumstances in which the trial court is called upon to determine questions of fact. *Besing,* 882 S.W.2d at 82; *City of Grand Prairie v. City of Irving,* 441 S.W.2d 270, 273 (Tex.Civ.App.—Dallas 1969, no writ). When a trial court grants summary judgment relief, it determines that there is no genuine issue of material fact, so that a summary judgment proceeding has not been "tried" within the scope of Rule 296 or for the purpose of requesting findings of fact and conclusions of law. *Besing,* 882 S.W.2d at 82; *Zimmerman,* 862 S.W.2d at 164.

■ Our prior ruling in this case upon EPHA's motion to dismiss considered and rejected these same arguments, concluding instead that the timeliness of a post-judgment motion rather than its content or effectiveness should control the extension of appellate deadlines. *Chavez,* 876 S.W.2d at 417. However, seven months after our opinion issued, the Texas Supreme Court squarely addressed the subject in *Linwood v. NCNB Texas,* 885 S.W.2d 102, 103 (Tex. 1994), holding that "[b]ecause findings of fact

and conclusions of law have no place in a summary judgment proceeding, the [appellate] timetable was not extended." That Court's ruling is premised upon a construction of the language in Rule 41(a)(1) that "tried without a jury" does not include a summary judgment proceeding. We are accordingly bound by the *Linwood* decision.[1] In the instant cause, no timely motion for extension of time to file a cash deposit or appeal bond was filed. Absent that, Chavez' attempted appeal is a nullity which necessitates dismissal from the Court's docket. *Wilcox v. Seelbinder*, 840 S.W.2d 680, 683 (Tex.App.—El Paso 1992, writ denied). We therefore conclude that this appeal was not timely perfected and this Court has no jurisdiction to address the merits of the case.

## BONA FIDE ATTEMPT TO INVOKE APPELLATE JURISDICTION

At oral argument on the merits, Chavez asserted that her request for findings of fact and conclusions of law was a bona fide attempt to invoke appellate jurisdiction. *See, e.g., Linwood*, 885 S.W.2d at 103; *City of San Antonio v. Rodriguez*, 828 S.W.2d 417, 418 (Tex.1992) (per curiam); *Mueller v. Saravia*, 826 S.W.2d 608, 609 (Tex.1992) (per curiam); *Grand Prairie Independent School Dist. v. Southern Parts Imports, Inc.*, 813 S.W.2d 499, 500 (Tex.1991) (per curiam); *Walker v. Blue Water Garden Apartments*, 776 S.W.2d 578, 580–81 (Tex.1989). We dis-

agree that a request for findings and conclusions constitutes an attempt to invoke appellate jurisdiction. The mere filing of a Rule 296 request *does not invoke the jurisdiction of a court of appeals.* Appeal bonds, notices of appeal, or affidavits of inability to pay costs on appeal, filed with the clerk of the trial court, invoke the jurisdiction of a court of appeals. TEX.R.APP.P. 40(a)(1)–(2); *see El Paso Sharky's Billiard Parlor, Inc. v. Amparan*, 831 S.W.2d 3, 4 (Tex.App.—El Paso 1992, writ denied). This distinction is significant in light of *Linwood* and the authorities addressed therein. These "bona fide attempt" cases all involved instruments which actually invoke appellate jurisdiction. *See, e.g., Linwood*, 885 S.W.2d at 103 (holding notice of appeal filed when not authorized was a bona fide attempt to invoke appellate jurisdiction); *City of San Antonio*, 828 S.W.2d at 418 (holding a notice of appeal filed in the wrong cause number was a bona fide attempt to invoke appellate jurisdiction); *Grand Prairie Independent School Dist.*, 813 S.W.2d at 500 (holding notice of appeal filed when not authorized was a bona fide attempt to invoke appellate jurisdiction); *Walker*, 776 S.W.2d at 581 (holding affidavit of inability to pay costs on appeal substantially complied with requirements, and was sufficient to invoke appellate jurisdiction). While the Supreme Court's opinion in *Mueller*, 826 S.W.2d at 609 speaks in terms of a motion for new trial filed under an incorrect cause num-

---

1. It is logical to note that based upon the definition of "trial" as contained in *Linwood* and *Besing*, a summary judgment proceeding has not been "tried" for purposes of a motion for new trial, either. Although the Supreme Court has noted that a motion for new trial is not necessarily inappropriate following entry of a summary judgment despite the fact that no "trial" was actually had, *Torres v. Western Casualty and Surety Company*, 457 S.W.2d 50 (Tex.1970), that case and its progeny pre-date *Linwood*. If findings of fact and conclusions of law are inappropriate to extend the appellate timetable because a summary judgment does not constitute a "trial", we are hard-pressed to understand how a motion for new trial is any more appropriate. We are left, then, with the question of whether the appellate timetable may ever be extended following summary judgment. Available options would appear to be motions to correct, reform, modify, or vacate the judgment. TEX.R.CIV.P. 329b(d). Yet while TEX.R.CIV.P. 329b(g) provides that a motion to modify, correct or reform a judgment shall

extend both the trial court's plenary power and the time for perfecting an appeal in the same manner as a motion for new trial, TEX.R.APP.P. 41(a)(1) provides that the appellate timetable is extended only by the filing of a motion for new trial or a request for findings of fact and conclusions of law. Thus, the Rules are in apparent conflict. The concept of opening the window to allow additional time for perfecting appeal arises no doubt from the intention that a trial court have the ability to alter or withdraw its judgment during its plenary power. To extend the trial court's plenary power to a maximum of 105 days while requiring perfection of appeal within 30 days makes little sense and certainly places the practitioner in jeopardy if (s)he relies upon Rule 329b only to have the rug pulled out from underneath by an appellate court's strict construction of Rule 41(a)(1). We do not believe that such a hypertechnical approach fosters either justice or judicial economy. However, until these Rules are harmonized or definitively construed by the Supreme Court, we advise caution.

ber as constituting a bona fide attempt to invoke appellate jurisdiction, the facts of the case indicate the true import of the decision—under the peculiar facts of the case, the motion was properly filed so that the appellate timetable had been extended and the appeal timely perfected.[2] *Mueller* may more appropriately be construed as addressing a bona fide attempt to extend a trial court's jurisdiction over its own judgment since a motion for new trial does not in and of itself invoke an appellate court's jurisdiction. If properly filed, a motion for new trial merely extends the time frame in which an appeal may be perfected. Stated another way, an improperly filed motion for new trial will not extend the appellate timetable and an appeal perfected outside the thirty day window will be dismissed for want of jurisdiction. It follows that the same result should occur with an improper request for findings and conclusions.

■ It is clear from these cases that errors in the instrument filed to perfect an appeal, and minor errors in the filing itself, do not deprive this Court of jurisdiction. Material errors as to the timing of a perfection, however, do deprive this Court of jurisdiction. *El Paso Sharky's Billiard Parlor, Inc.*, 831 S.W.2d at 4.

Chavez filed her cash deposit attempting to perfect her appeal ninety-one days[3] after summary judgment was signed. There was no motion for new trial, motion to reconsider, or motion to vacate, correct, modify, or reform judgment filed such that her cash deposit was due within thirty days of the signing of judgment. Tex.R.App.P. 41(a)(1).[4] Therefore, this Court has no jurisdiction of Chavez' appeal because it was not timely perfected by the filing of a cost bond, cash deposit, or affidavit of inability to pay costs on appeal.

**OPPORTUNITY TO AMEND**

■ We are not unmindful of the Supreme Court's direction in *Grand Prairie*, 813 S.W.2d at 500 and *Linwood*, 885 S.W.2d at 103 that before dismissing an appeal, a court of appeals should give the putative appellant an opportunity to correct her error. In both of those cases, however, the appellant had timely but incorrectly filed a notice of appeal in lieu of a cost bond. The error could thus be remedied. In the instant case, no document designed to invoke appellate jurisdiction was filed within the thirty day window and the error is accordingly incurable.

**CONCLUSION**

We hold that a request for findings of fact and conclusions of law after summary judgment is rendered is not a bona fide attempt to invoke appellate jurisdiction. Because there has been no bona fide attempt to invoke appellate jurisdiction, the appeal must be dismissed, and this Court's prior opinion in this case, *Chavez v. Housing Authority*, 876 S.W.2d 416 (Tex.App.—El Paso 1994, no writ), is overruled.

LARSEN, J., concurs.

LARSEN, Justice, concurring.

I agree with the Court that we are bound by the holding in *Linwood v. NCNB Texas*, 885 S.W.2d 102 (Tex.1994), and that a request for findings of fact and conclusions of law will not extend the running of the appellate deadline. For the reasons set out in our pre-*Linwood* opinion on motion to dismiss in this appeal, however, I wish to express my disagreement with the Supreme Court's reasoning in that case. See *Chavez v. Housing Authority of the City of El Paso*, 876 S.W.2d

2. The Supreme Court carefully distinguished the facts in *Mueller* from *Philbrook v. Berry*, 683 S.W.2d 378, 379 (Tex.1985) (orig. proceeding) (per curiam) in which the Court had held that when a motion for new trial is filed in a cause not containing the judgment which the motion assails, the court's plenary power over its judgment is not extended beyond the thirty days prescribed by Tex.R.Civ.P. 329b(a). The *Mueller* opinion "assum[ed] that *Philbrook* was properly

decided" and did not purport to overrule it either implicitly or explicitly.

3. The ninetieth day fell on Sunday.

4. We do not here decide whether a timely filed motion for new trial or motion to reconsider, vacate, correct, modify or reform the judgment would have extended the appellate timetable as that issue is not presently before us.

416, 417–18 (Tex.App.—El Paso 1994, no writ). It would be more consistent and rational to treat all post-judgment pleadings seeking to assail that judgment, or seeking elaboration on it, as extending appellate deadlines. In my view, the technical questions of what legal effect a motion might have, whether "a trial" has been held, or what a pleading is most appropriately named, serve only to create technical pitfalls. These stand in stark contrast to the liberal rule, also relied upon in *Linwood,* that any "bona fide attempt" at perfecting appeal invokes the appellate court's jurisdiction. If there is a sound reason for this distinction, it escapes me. Nevertheless, the Supreme Court opinion binds us. I concur.