**WISD TAXPAYERS ASSOCIATION, Appellant,**

v.

**WACO INDEPENDENT SCHOOL DISTRICT, et al., Appellees.**

No. 10–95–286–CV.

Court of Appeals of Texas, Waco.

Dec. 13, 1995.

Rehearing Overruled Jan. 10, 1996.

---

Stan Schweiger, Waco, Bret T. Coody, Waco, Glenn O. Lewis, Lewis & Lewis, Fort Worth, for appellant.

Philip E. McCleery & Peter K. Rusek, Sheehy, Lovelace & Mayfield, Waco, Charles D. Olson, Haley & Davis, Waco, for appellees.

Before THOMAS, C.J., and THOMAS and CUMMINGS, JJ.

### MEMORANDUM OPINION

PER CURIAM.

The WISD Taxpayers Association (Taxpayers) attempts to appeal from an order dismissing their suit against the Waco Independent School District and certain members of its board of trustees (collectively WISD). By a motion to dismiss, WISD argues that the Taxpayers failed to timely perfect their appeal, thus depriving us of jurisdiction over this cause. Because we agree with WISD, we dismiss the Taxpayers' appeal for want of jurisdiction.

According to a report prepared by the State Comptroller's Office, the Waco Independent School District (individually, the District) experienced a "major, and much publicized, financial crisis" in December 1994 and January 1995. The Comptroller's report included a list of "recommendations" to assist the District in correcting the problems that led to the "crisis." The Taxpayers sued WISD seeking the court's aid in enforcing the Comptroller's recommendations. They sought a writ of mandamus compelling the District to: (1) conduct a mid-year independent audit; (2) sue the District's external accounting firm for accounting malpractice;

(3) sue the District's legal representatives for legal malpractice; (4) dismiss three District employees—the Superintendent, the Deputy Superintendent and the Assistant Superintendent for Business/Support Services; (5) institute legal proceedings against individual trustees for breach of their fiduciary duties; and (6) set-aside a specific budget amendment until a board meeting that followed "parliamentary procedure" for considering the amendment could be held. They also requested that the court issue an order removing certain trustees, enjoining the District from raising funds until after a public accounting, and placing the District into receivership "until the financial crisis has been rectified."

As part of its original answer, WISD filed a plea to the court's jurisdiction, a plea in abatement, and a motion to dismiss. WISD argued that the Taxpayers had failed to exhaust the administrative remedies available through the Commissioner of Education, were not entitled to mandamus because they had not pled a claim for which mandamus was available and did not have standing to seek mandamus against the District, lacked standing to seek ouster of the named trustees, failed to plead a claim which would entitle them to an injunction, and requested an unavailable remedy when they sought a receivership over the District.

■ On June 30, 1995, after a hearing at which the court "proceeded to review the pleadings and to hear and consider the arguments and statements of counsel," the court granted WISD's pleas to the jurisdiction and in abatement and dismissed the Taxpayers' lawsuit. The Taxpayers requested that the court file findings of fact and conclusions of law supporting its order. TEX.R.CIV.P. 296. The court never filed the requested findings and conclusions, even though the Taxpayers timely filed a notice of overdue findings with the court. *Id.* 297. On September 20, seventy-nine days after the suit was dismissed, the Taxpayers filed a notice of appeal and a cash deposit in lieu of a cost bond. TEX. R.APP.P. 40(a)(1).

■ WISD asserts that the Taxpayers failed to timely perfect this appeal. Absent a filing which extends the appellate timetable,

a party has thirty days from the date an appealable order is signed to file an instrument perfecting his appeal. *Id.* 41(a)(1); *Linwood v. NCNB of Texas*, 885 S.W.2d 102, 102 (Tex.1994). WISD argues that the Taxpayers' request for findings of fact and conclusions of law did not extend the due date for the cost bond because the cause was not "tried without a jury." *Chavez v. Housing Auth. of El Paso*, 897 S.W.2d 523, 525 (Tex. App.—El Paso 1995, writ denied); *Zimmerman v. Robinson*, 862 S.W.2d 162, 164 (Tex. App.—Amarillo 1993, no writ).

■ A cause is "tried" within the meaning of Rule 41(a)(1) when there is an evidentiary hearing before the court upon conflicting evidence. *Chavez*, 897 S.W.2d at 525; *Besing v. Moffitt*, 882 S.W.2d 79, 81–82 (Tex. App.—Amarillo 1994, no writ); *Linwood v. NCNB of Texas*, 876 S.W.2d 393, 395 (Tex. App.—Dallas), *rev'd on other grounds*, 885 S.W.2d 102 (Tex.1994). Where the court rules without determining questions of fact, requests for findings of fact and conclusions of law are neither appropriate nor effective for extending the appellate deadlines. *Chavez*, 897 S.W.2d at 525–26; *Zimmerman*, 862 S.W.2d at 164.

■ To establish jurisdiction below, the Taxpayers were required to allege facts that demonstrate the court's subject-matter jurisdiction. *Tex. Ass'n of Business v. Air Control Bd.*, 852 S.W.2d 440, 446 (Tex.1993). Those allegations are taken as true by the trial court when considering a plea to the jurisdiction or a motion to dismiss. *Green v. Watson*, 860 S.W.2d 238, 244–45 (Tex.App.— Austin 1993, no writ). There are no disputed fact issues involved; rather, the pleadings state the facts upon which the court rules. *Green Intern., Inc. v. State*, 877 S.W.2d 428, 437–38 (Tex.App.—Austin 1994, writ dism'd). Thus, when the court dismisses a suit based on the pleadings, findings of fact and conclusions of law are not appropriate. *Washington v. Fort Bend Independent School Dist.*, 892 S.W.2d 156, 160 (Tex.App.—Houston [14th Dist.] 1994, writ denied); *Green Intern.*, 877 S.W.2d at 437–38; *Green*, 860 S.W.2d at 244–45.

Because the requests for findings of fact and conclusions of law are not appropriate, the Taxpayers' request did not extend the timetable for perfecting its appeal. *Chavez,* 897 S.W.2d at 525–26; *Besing,* 882 S.W.2d at 82; *Linwood,* 876 S.W.2d at 395; *Zimmerman,* 862 S.W.2d at 164. Therefore, the Taxpayers' cash deposit was not timely as it was not filed within thirty days of the court's order, and we do not have jurisdiction. TEX. R.APP.P. 41(a)(1); *Zimmerman,* 862 S.W.2d at 164; *McCaskell v. Methodist Hosp.,* 856 S.W.2d 519, 521 (Tex.App.—Houston [1st Dist.] 1993, no writ); *El Paso Sharky's v. Amparan,* 831 S.W.2d 3, 4–5 (Tex.App.—El Paso 1992, writ denied).

Because we do not have jurisdiction over this appeal, we grant WISD's motion and dismiss this cause.