hernandez 



TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN








NO. 03-95-00503-CV








Ofelia Hernandez, Appellant





v.





Texas Department of Insurance and Commissioner of Insurance, Appellees








FROM THE DISTRICT COURT OF TRAVIS COUNTY, 200TH JUDICIAL DISTRICT


NO. 95-02652, HONORABLE SUZANNE COVINGTON, JUDGE PRESIDING








 This appeal requires us to decide whether a state agency must promptly notify a
party when the party's motion for rehearing is overruled by operation of law. We conclude that
there is no such obligation. Accordingly, Hernandez's petition for judicial review was untimely
and we will affirm the trial court's order of dismissal for want of jurisdiction.



BACKGROUND


 Hernandez, an insurance agent, has held a local recording agent's license for twelve
years. In April 1994, the Department of Insurance began hearings in response to customer
complaints about Hernandez, and the Commissioner of Insurance revoked her license on
November 29, 1994. The order was sent to Hernandez on November 30 and she timely filed a
motion for rehearing on December 20, 1994. Forty-five days after Hernandez received notice of
the revocation order, the Commissioner had not acted on the motion for rehearing. Pursuant to
the Administrative Procedure Act (the "APA") the motion was overruled by operation of law at
that time. See Tex. Gov't Code Ann. § 2001.144 (West 1996). Thus, the Commissioner's order
became final and appealable on January 16, 1995, the day the motion for rehearing was overruled
by operation of law. See id. § 2001.171.

 Hernandez had thirty days from January 16 to file a petition to initiate judicial
review. See id. § 2001.176(a). Although her petition was due on February 15, she did not file
it until March 3, the day that she received a letter from the Commissioner of Insurance notifying
her that her motion had been overruled by operation of law. Because of this late filing, the trial
court determined that her petition for judicial review of the Commissioner's decision was untimely
and dismissed it for want of jurisdiction.



DISCUSSION


 On appeal, Hernandez asserts that her delay in filing her petition for judicial review
was caused by the Insurance Department's delay in advising her that her motion for rehearing had
been overruled by operation of law. According to Hernandez, the agency had a duty to notify her
that forty-five days had passed since she received notice of the revocation order; she further
contends that until the agency did provide notice of the forty-five day lapse, she was not required
to comply with the appellate deadlines for seeking judicial review.

 Before reaching the merits of the timeliness of Hernandez's petition for judicial
review in the trial court, we must decide whether she conferred jurisdiction on this Court by
timely filing the cost bond to perfect her appeal. Texas Rule of Appellate Procedure 41(a)(1)
requires that a cost bond be filed within thirty days of the trial court's final judgment or within
ninety days "if any party has timely filed a request for findings of fact and conclusions of law in
a case tried without a jury." 

 The trial court issued its final order of dismissal on May 2, 1995. Hernandez
perfected her appeal on July 5th, beyond the thirty-day limit, but within ninety days of the order. 
She also timely requested findings of fact and conclusions of law. If that request was proper in
this proceeding, it served to extend the time for perfecting the appeal and this appeal was timely. 
See Tex. R. Civ. P. 296. 

 In Linwood v. NCNB Texas, 885 S.W.2d 102, 103 (Tex. 1994), the supreme court
held that because findings of fact and conclusions of law have no place in a summary judgment
proceeding, a request for them did not serve to extend the appellate timetable under Texas Rule
of Appellate Procedure 41(a)(1). Appellees contend that Hernandez's request for findings of fact
was improper, noting that judicial review of an administrative ruling is subject to the substantial
evidence rule, and findings of fact are generally not proper in a substantial evidence appeal. See
Tex. Ins. Code Ann. art. 1.04 (West Supp. 1996). If improper, such a request did not extend the
thirty-day filing deadline and we do not have jurisdiction to hear this appeal.

 In this case, the trial court conducted an evidentiary hearing on the plea to the
jurisdiction and the order of dismissal refers to evidence presented on that issue. The evidentiary
hearing distinguishes this case from our recent decision holding a request for findings of fact and
conclusions of law ineffective to extend the appellate timetable in a dismissal for want of
jurisdiction on the pleadings where there was no evidentiary hearing. See Lusk v. Service Lloyds
Insurance Company & Texas Workers' Compensation Comm'n, No. 03-96-00081-CV, slip op.
at 3 (Tex. App.--Austin May 8, 1996, no writ h.); see also Waco Indep. School Dist. Taxpayers
Ass'n v. Waco Indep. School Dist., 912 S.W.2d 392, 394 (Tex. App.--Waco 1995, no writ);
O'Donnell v. McDaniel, 914 S.W.2d 209, 210 (Tex. App--Fort Worth 1995, writ requested). 
Because there was an evidentiary hearing on the jurisdictional plea and the cause was dismissed
based upon evidence presented and facts determined at the hearing, the holding in Linwood is not
applicable to this appeal. (1) Hernandez's request for findings of fact and conclusions of law were
appropriate and did serve to extend the appellate timetable under Texas Rule of Appellate
Procedure 41(a)(1). We hold that Hernandez's cost bond, filed within ninety days of the order
of dismissal, timely invoked this court's jurisdiction.

 We now turn to the merits of Hernandez's argument. Hernandez contends that the
following APA provision required the Commissioner to provide notice that the motion for
rehearing had been overruled by operation of law:



On issuance in a contested case of a decision that may become final under
2001.144 or an order ruling on a motion for rehearing, a state agency shall send
a copy of the decision or order by first class mail to the attorneys of record . . . .



Tex. Gov't Code Ann. § 2001.142(b) (West 1996). In further support of her position Hernandez
cites the supreme court's observation that a party's ability to seek judicial review of agency orders
should not be compromised by the agency's failure to give notice of its orders. See Commercial
Life Ins. v. Board of Insurance, 774 S.W.2d 650, 652 (Tex. 1989). 

 Commercial Life concerned the Insurance Board's failure to notify a party of its
final order in a contested case. Commercial Life did not learn of the order until seventeen days
after its rendition, which was beyond the deadline for filing a motion for rehearing. When
Commercial Life sought judicial review of the Board's decision, an intervening party asserted that
Commercial Life waived its right to appeal because of the untimely motion for rehearing. See
Tex. Gov't Code Ann. § 2001.146(a) (West 1996) (formerly Tex. Rev. Civ. Stat. Ann. art. 6252-13a, § 16(e), since repealed and codified). The supreme court disagreed, holding that the
agency's failure to provide notice, which caused the delay in filing the motion for rehearing, could
not defeat Commercial Life's right to appeal. Id. at 652.

 Because Commercial Life dealt with notice of a final order, its holding does not
directly control the outcome of this case. We find Commercial Life's elaboration on the purpose
behind the APA notice requirement (2) instructive, however:



[T]he duty of the agency to provide notice serves the critical function of informing
the aggrieved party of the date on which the time period for filing the motion for
rehearing begins to run. For this reason, we interpret the notice provision . . . to
ensure that a party's ability to seek judicial review of agency orders and decisions
will not be compromised solely because of the agency's failure to give notice of the
order.



Id. at 652. We conclude that the Commissioner's failure to provide notice that Hernandez's
motion was overruled by operation of law did not violate this purpose. The Commissioner
complied with the APA notice provision when it sent notice of its revocation order to Hernandez
on November 30, 1994. See Tex. Gov't Code Ann. § 2001.142(b) (West 1996). From the plain
language of APA section 2001.146(c) Hernandez knew or was charged with knowledge that if the
agency did not act on her motion by January 16, 1995, forty-five days after the notice of
November 30, (3) it would be overruled by operation of law. See id. § 2001.146(c). When she had
not received notice of agency action within that forty-five days, Hernandez should have concluded
that the motion was overruled pursuant to the express terms of this statute. See id. The agency
was in no better position than Hernandez to recognize that forty-five days had passed since it had
given her notice of the revocation order. Thus, Hernandez's own failure to note the passage of
forty-five days, not the agency's failure to provide notice, compromised Hernandez's ability to
seek judicial review.

 Having determined that the agency's failure to provide notice does not implicate
the purpose of the APA notice requirement, we next consider whether this failure violates the
express terms of the notice requirement. We hold that it does not. The statute requires an agency
to provide notice of "an order ruling on a motion for rehearing . . . ." Id. § 2001.142(b). No
order was rendered on the motion for rehearing because the terms of the statute, not the action
of the agency, operated to overrule the motion. See id. § 2001.146(c).



CONCLUSION


 The agency's failure to provide notice to Hernandez violates neither the terms nor
the purpose of the APA notice requirement. We therefore hold that the Commissioner was not
required to notify Hernandez that her motion for rehearing was overruled by operation of law. 
It follows that the Commissioner's failure to notify Hernandez does not excuse her failure to
comply with statutory deadlines for seeking judicial review of the Commissioner's revocation
order. Because she filed her petition for judicial review beyond the statutory deadline for doing
so, the trial court properly dismissed her petition for want of jurisdiction. See Tex. Gov't Code
Ann. § 2001.176 (West 1996). Accordingly, we overrule Hernandez's points of error and affirm
the trial court's order of dismissal. 



 Bea Ann Smith, Justice

Before Justices Powers, Jones and B. A. Smith 

Affirmed

Filed: May 22, 1996

Publish

1.   To the extent it applies to dismissals for lack of jurisdiction, we decline to follow the
rationale of the Fort Worth Court of Appeals that Rule 41(a)(1) contemplates an evidentiary
hearing on the merits of the underlying action before a request for findings of fact will extend
the appellate timetable. Phillips v. Beavers, 906 S.W.2d 254, 256 (Tex. App.--Fort Worth
1995, writ requested) (dismissal for want of prosecution is not "case tried without a jury" as
contemplated by Rule 41(a)(1) and therefore request for findings of fact and conclusions of law
did not extend appellate timetable). We are more persuaded by the reasoning expressed in
dicta in Chavez v. Housing Authority of El Paso, 897 S.W.2d 523, 525 (Tex. App.--El Paso
1995, writ denied), that a request for findings of fact and conclusions of law extends the
appellate timetable in any case disposed of by an evidentiary hearing. In Davis v. State, 904
S.W.2d 946 (Tex. App.--Austin 1995, no writ), we held that a request for findings of fact and
conclusions of law will serve to extend the appellate timetable unless findings of fact are
unqualifiedly inappropriate in such a proceeding. Id. at 951. Like the other intermediate
appellate courts, we await further guidance from the supreme court in the application of
Linwood to proceedings other than summary judgments. See IKB Indus. (Nigeria) Ltd. v. Pro-Line Corp., 901 S.W.2d 568, 569 (Tex. App.--Dallas 1995, writ requested) (hearing on motion
for sanctions is not case tried without jury for purposes of Rule 41(a)(1)); West Columbia
Nat'l Bank v. Griffith, 902 S.W.2d 201, 205 (Tex. App.--Houston 1995, writ denied) (hearing
on petition for bill of review is a case tried without jury under Rule 41(a)(1)); Chavez, 897
S.W.2d at 525 (dictum stating that case is tried under Rule 41(a)(1) when there is evidentiary
hearing on conflicting evidence).
2.   At the time of Commercial Life the notice requirement was found at Texas Revised Civil
Statutes Annotated article 6252-13a, § 16(b). This provision has since been repealed and
codified at Texas Government Code section 2001.142(b) (West 1996). Because the substance
and the underlying purpose of this notice requirement did not change with its codification, we
look to Commercial Life for guidance. For convenience we will refer to the current code.
3.   The forty-fifth day after the notice of revocation fell on January 14, 1995, a
Saturday. The forty-five day period is therefore considered to have lapsed on Monday,
January 16, 1996. See Tex. R. Civ. P. 4.