IN THE

TENTH COURT OF APPEALS




 
 
 
 
 
 
 


 



No. 10-10-00343-CV

 

Eva Ramirez, Individually, AND as 

Personal Representative of the 

Estate of Fernando Ramirez, Deceased,

                                                                                    Appellant

 v.

 

Thomas H. Sinclair,

                                                                                    Appellee

 

 



From the 13th District Court

Navarro County, Texas

Trial Court No. 05-00-14658-CV

 



MEMORANDUM  Opinion










 

            Eva Ramirez, individually, and as the
personal representative of the Estate of Fernando Ramirez, deceased, attempts
to appeal a letter ruling on a joint motion for an order confirming and
approving the sale of real property in Navarro County.  By letter dated November 16, 2010, Ramirez was notified that the appeal was subject to dismissal because
(1) it appeared that the letter ruling is not a final, appealable order; (2) it
was unclear whether the joint motion which prompted the letter ruling is the
type of motion from which an order may be appealed; and (3) the appropriate
jurisdiction might be Dallas where the decision to transfer venue was made. 
Ramirez was warned that the Court would dismiss the appeal unless, within 21
days from the date of the letter, a response was filed showing grounds for
continuing the appeal.  Ramirez was further warned that the failure to file a
response as requested will result in the dismissal of this appeal without further
notification for failure to comply with this order or a notice from the Clerk. 


            No response has been filed.

            Accordingly, this appeal is
dismissed.  Tex. R. App. P.
42.3(a), (c).

 

                                                                        TOM
GRAY

                                                                        Chief
Justice

 

Before
Chief Justice Gray,

            Justice
Reyna, and

            Justice
Davis

Appeal
dismissed

Opinion
delivered and filed December 22, 2010

[CV06]






file either a cost bond, a cash deposit, or an affidavit of inability to
pay costs to perfect this appeal. Tex. Civ. Prac. & Rem. Code Ann. §§ 6.01-6.03 (Vernon 1986
& Supp. 1996); Tex. R. App. P. 40(a)(1), (a)(3); White v. Schiwetz, 793 S.W.2d 278, 279 (Tex.
App.—Corpus Christi 1990, no writ). His notice of appeal is insufficient to perfect the appeal. 
See id.
      However, because his notice of appeal is a bona fide effort to invoke our jurisdiction, we have
jurisdiction to allow him the opportunity to properly perfect his appeal. Linwood v. NCNB Texas,
885 S.W.2d 102, 103 (Tex. 1994). Included within the proper perfection of an appeal is the filing
of the appropriate instrument, within the appropriate time, in the appropriate court. See Tex. R.
App. P. 40(a)(1), 41(a)(1); Chavez v. Housing Auth. of El Paso, 897 S.W.2d 523, 526-27 (Tex.
App.—El Paso 1995, writ denied); El Paso Sharky's, 831 S.W.2d at 5. Garza's motion and
affidavit of inability to pay costs filed in this court do not remedy the defect so that this appeal is
properly perfected. See id.; also Tex. R. App. P. 55(b).
      Our clerk notified Garza that the transcript did not demonstrate that his appeal had been duly
perfected. Tex. R. App. P. 56(a), 60(a)(2). Even though given the opportunity to cure the defect,
he has failed to properly perfect this appeal. Id. 40(a)(1), 83. Thus, the transcript does not show
that this court has jurisdiction and "after notice it [has] not [been] amended." Id. 56(a).
      Garza'a motion to proceed in forma pauperis is denied. We dismiss this cause for want of
jurisdiction. Id.
                                                                               PER CURIAM

Before Chief Justice Davis 
            Justice Cummings and
            Justice Vance
Dismissed for want of jurisdiction
Opinion delivered and filed August 30, 1996
Do not publish