**DISMISS; and Opinion Filed May 12, 2016.**



In The

# Court of Appeals
# Fifth District of Texas at Dallas

### No. 05-16-00065-CV

**MARK D. GRANT, Appellant**
**V.**
**DALLAS COUNTY, CITY OF DALLAS, DALLAS INDEPENDENT SCHOOL DISTRICT, DALLAS COUNTY SCHOOL EQUALIZATION FUND, DALLAS COUNTY COMMUNITY COLLEGE DISTRICT, AND PARKLAND HOSPITAL DISTRICT, LULA RAULS, R.B. RAULS, BARBARA L. GRANT, PHILLIP F. ADAMS, ET AL.,**
**Appellees**

**On Appeal from the 101st Judicial District Court**
**Dallas County, Texas**
**Trial Court Cause No. TX-14-30155**

## MEMORANDUM OPINION

Before Chief Justice Wright, Justice Lang-Miers, and Justice Stoddart
Opinion by Justice Lang-Miers

Appellant Mark D. Grant appeals from the trial court's September 16, 2015 judgment, which determined appellant and others owed delinquent property taxes and other sums related to various liens on the property at issue in this case, foreclosed the liens, ordered the property sold, and assessed costs against appellant. Appellant filed a timely request for findings of fact and conclusions of law. As a result, appellant's notice of appeal was due on or before December 15, 2015. TEX. R. APP. P. 26.1(a)(1). The clerk's record includes an untimely notice of appeal dated January 15, 2016 that was filed by the district clerk on January 21, 2016. We requested that the parties file jurisdictional briefing explaining how this Court has jurisdiction over this appeal in light of the untimely notice of appeal.

Appellant responded that he filed a number of pleadings in the trial court, among them a "Petition of Appeal of Order of Appraisal Review Board of Dallas County" and "Brief in Support of Petition of Appeal" on September 30, 2016, which were not included in the original clerk's record.[1] While appellant did not explicitly argue that the "Petition of Appeal of Order of Appraisal Review Board of Dallas County" and "Brief in Support of Petition of Appeal" perfected his appeal, we consider whether they could have served that purpose.

The factor that determines whether jurisdiction has been conferred on an appellate court is whether the appellant has filed an instrument in a bona fide attempt to invoke appellate court jurisdiction. *Warwick Towers Council of Co-Owners ex rel. St. Paul Fire & Marine Ins. Co. v. Park Warwick, L.P.*, 244 S.W.3d 838, 839 (Tex. 2008). Review of the "Petition of Appeal of Order of Appraisal Review Board of Dallas County" and "Brief in Support of Petition of Appeal" shows that the purpose of those documents was not to seek appellate review of the trial court's judgment but rather to challenge in the trial court the Dallas County Appraisal Review Board's denial of his homestead exemption. As a result, appellant's "Petition of Appeal of Order of Appraisal Review Board of Dallas County" and "Brief in Support of Petition of Appeal" could not have represented a bona fide attempt to appeal the trial court's judgment.

Appellant did argue in his jurisdiction brief that he made a bona fide attempt to invoke this Court's appellate jurisdiction by requesting that the trial court file findings of fact and conclusions of law. A request for findings of fact and conclusions of law does not constitute an attempt to invoke appellate jurisdiction. *Chavez v. Hous. Auth. of City of El Paso*, 897 S.W.2d 523, 526 (Tex. App.—El Paso 1995, writ denied); *.Besing v. Moffitt*, 882 S.W.2d 79, 82 (Tex.

---

[1] We noted in our jurisdiction letter that appellant must provide a supplemental clerk's record if he wished to rely on any information not in the record before the Court. Appellant did not provide a supplemental clerk's record including the "Petition of Appeal of Order of Appraisal Review Board of Dallas County" and "Brief in Support of Petition of Appeal" as we directed. Instead appellant attached copies of these documents to his jurisdiction brief. Appellant's jurisdiction brief suggests that the district clerk never filed the documents.

App.—Amarillo 1994, no writ). For that reason, the request for findings of fact and conclusions of law could not have served to perfect appellant's appeal.

Appellant further argued in his jurisdiction brief that he incorrectly computed the time for filing his notice of appeal. While an incorrect computation of an appellate deadline may, in certain circumstances, extend the deadline for filing a notice of appeal up to fifteen days, *see* TEX. R. APP. P. 26.3; *Verburgt v. Dorner*, 959 S.W.2d 615, 617 (Tex. 1997), appellant's untimely notice of appeal was not filed within the fifteen day grace period during which he could have filed a motion for extension of time to file his notice of appeal. Appellant finally argued in his jurisdiction brief that he has standing to appeal and that he has been denied his right to due process of law throughout the administrative and judicial process, but without a timely filed notice of appeal, we may not consider those arguments.

Without a timely filed notice of appeal, the Court lacks jurisdiction over the appeal. TEX. R. APP. P. 25.1. Because appellant's notice of appeal was untimely, we dismiss the appeal for want of jurisdiction.

/Elizabeth Lang-Miers/
ELIZABETH LANG-MIERS
JUSTICE

160065F.P05

–3–



## Court of Appeals
## Fifth District of Texas at Dallas

## JUDGMENT

MARK D. GRANT, Appellant

No. 05-16-00065-CV          V.

DALLAS COUNTY, CITY OF DALLAS,
DALLAS INDEPENDENT SCHOOL
DISTRICT, DALLAS COUNTY SCHOOL
EQUALIZATION FUND, DALLAS
COUNTY COMMUNITY COLLEGE
DISTRICT, AND PARKLAND HOSPITAL
DISTRICT, LULA RAULS, R.B. RAULS,
BARBARA L. GRANT, PHILLIP F.
ADAMS, ET AL., Appellees

On Appeal from the 101st Judicial District
Court, Dallas County, Texas
Trial Court Cause No. TX-14-30155.
Opinion delivered by Justice Lang-Miers.
Chief Justice Wright and Justice Stoddart
participating.

In accordance with this Court's opinion of this date, the appeal is **DISMISSED** for want of jurisdiction.

It is **ORDERED** that appellees DALLAS COUNTY, CITY OF DALLAS, DALLAS INDEPENDENT SCHOOL DISTRICT, DALLAS COUNTY SCHOOL EQUALIZATION FUND, DALLAS COUNTY COMMUNITY COLLEGE DISTRICT, AND PARKLAND HOSPITAL DISTRICT, LULA RAULS, R.B. RAULS, BARBARA L. GRANT, PHILLIP F. ADAMS, ET AL. recover their costs of this appeal from appellant MARK D. GRANT.

Judgment entered this 12th day of May, 2016.