

## COURT OF APPEALS
### SECOND DISTRICT OF TEXAS
### FORT WORTH

### NO. 02-12-00188-CV

CHRIS RAESZ                                                    APPELLANT

V.

CYNTHIA MITCHELL, COUNTY                                        APPELLEE
CLERK

----------

FROM THE 367TH DISTRICT COURT OF DENTON COUNTY

----------

## OPINION

----------

### I. Introduction and Background

Appellant Chris Raesz, an attorney, requested a copy of two exhibits from a Denton County criminal proceeding to which he was neither a party nor an attorney representing a party. Appellee Cynthia Mitchell, the Denton County Clerk, did not comply with Appellant's request. Appellant then initiated this suit in the trial court for a writ of mandamus that would compel Appellee to provide him copies of the requested exhibits. The trial court denied Appellant's application for

a writ of mandamus and issued findings of fact and conclusions of law. This appeal followed.

Appellant contends in one issue that the trial court erred by denying his application because all records kept by the county clerk, other than records sealed or made confidential by law, are to be made available to the public for copy and inspection. We affirm.

## II. Standard of Review

Our supreme court has explained the standard for obtaining a writ of mandamus against a public official as follows:

> A writ of mandamus will issue to compel a public official to perform a ministerial act. An act is ministerial when the law clearly spells out the duty to be performed by the official with sufficient certainty that nothing is left to the exercise of discretion. Furthermore, a writ of mandamus will not issue to compel a public official to perform an act which involves an exercise of discretion. However, this rule is not without exception—a writ of mandamus may issue in a proper case to correct a clear abuse of discretion by a public official.

*Anderson v. City of Seven Points*, 806 S.W.2d 791, 793 (Tex. 1991) (citations omitted).

Because this appeal follows the trial court's denial of Appellant's petition for writ of mandamus, it differs from a mandamus action initiated in a court of appeals as an original proceeding. *Id.* at 792 n.1.

> An action for a writ of mandamus initiated in the trial court is a civil action subject to appeal as any other civil suit. We therefore review the trial court's findings of fact and conclusions of law in accordance with the standards generally applicable to a trial court's findings and conclusions. That is, we review findings of fact for legal and factual

2

evidentiary support, and we review conclusions of law de novo.  We do not apply the abuse of discretion standard applicable to mandamus actions that originate in our appellate courts.

*Simmons v. Kuzmich*, 166 S.W.3d 342, 345–46 (Tex. App.—Fort Worth 2005, no pet.) (citations omitted).

### III.  Discussion

The parties do not dispute that Appellant made an oral request for a copy of the two exhibits from the criminal proceeding and that Appellant was at that moment prepared to pay for copies, nor do they dispute that Appellee did not give Appellant the requested copies.[1]  Appellant contends that local government code section 191.006 obligates Appellee to provide him a copy of the exhibits he requested.  Appellee counters that exhibits from criminal proceedings are treated differently than paper filings and that no law obligates a county clerk to make criminal exhibits available to the public for inspection or copy.  Appellee argues that the court reporter, not the clerk, is statutorily charged with providing copies of trial transcripts and exhibits to the public and that Appellant should direct his request for exhibits to the court reporter.  To support her contentions, Appellee cites article 2.21 of the code of criminal procedure and government code section 52.047.

---

[1]We also note that Appellee does not argue that she did not have the exhibits at the time of Appellant's request.

3

## A. Applicable Law

Section 191.006 of the local government code states, "All records belonging to the office of the county clerk to which access is not otherwise restricted by law or by court order shall be open to the public at all reasonable times. A member of the public may make a copy of any of the records." Tex. Loc. Gov't Code Ann. § 191.006 (West 2008).

Code of criminal procedure article 2.21 describes the duties of district and county clerks with regard to papers and exhibits in criminal proceedings. *See* Tex. Code Crim. Proc. Ann. art. 2.21 (West Supp. 2012). Subsections (a)(1) and (2) require that the clerk of a district or county court "receive and file all papers" and "receive all exhibits at the conclusion of the proceeding." *Id.* art. 2.21(a)(1), (2). Other parts of article 2.21 describe the procedure for disposal of eligible exhibits through destruction, sale, or release to the owner of the exhibit.[2] *Id.* art. 2.21(d)–(j). Nothing within article 2.21 addresses requests from the public for a copy of an exhibit. *See id.* art. 2.21.

Government code section 52.047 provides that a person may request, pay for, and obtain a copy of a transcript and exhibits for trial proceedings from the court reporter, and that section provides that the court reporter may charge additional fees for reproducing exhibits. *See* Tex. Gov't Code Ann. § 52.047(a)–

---

[2]Although not relevant here, article 2.21 also provides for the transfer of certain exhibits such as firearms and contraband to law enforcement personnel for safekeeping. *See* Tex. Code Crim. Proc. Ann. art. 2.21(b).

4

(f) (West 2013). Although not cited by Appellee, section 52.046(a)(5) of the government code states, "On request, an official court reporter shall: . . . (5) furnish a transcript of the reported evidence or other proceedings, in whole or in part, as provided by this chapter." *Id.* § 52.046(a)(5) (West 2013).

## B. Analysis

We must determine whether the law imposes upon Appellee, who is the Denton County Clerk, a ministerial duty to provide copies of a criminal exhibit to a member of the public. *See generally Anderson*, 806 S.W.2d at 793–94. If the law imposes such a duty, the trial court should have granted Appellant's petition for writ of mandamus. *See id.* Because we have not been asked to decide whether the requested exhibits are restricted from public disclosure, the dispositive question is whether an exhibit offered into evidence in a criminal proceeding that has been received (but not filed) by the county clerk belongs to the county clerk. *See* Tex. Code Crim. Proc. Ann. art. 2.21(a)(2); Tex. Loc. Gov't Code Ann. § 191.006.

We conclude that local government code section 191.006 does not obligate the clerk to make an exhibit from a criminal proceeding available to a member of the public for copy and inspection. A clerk is obligated to receive and file all "papers" in a case, but the clerk only receives exhibits and retains them until they are disposed of by destruction or sale or released to the actual owner by order of the court. *See* Tex. Code Crim. Proc. Ann. art. 2.21(a)(1), (2), (d)–(j). Article 2.21 thus distinguishes between papers and exhibits involved in a criminal

proceeding and designates the clerk as the temporary holder of exhibits. *See id.* Indeed, although the exhibits at issue here are apparently paper copies of the originals, an unknowable percentage of trial or hearing exhibits from criminal proceedings are items of personal property. While article 2.21 includes a process for return of exhibits to their owners, article 2.21 is silent as to whether the clerk must make an exhibit available to the public for inspection and copy before the exhibit is destroyed, sold, or returned to its owner. *See id.* art. 2.21.

The law does, however, provide a process through which a member of the public may obtain a copy of an exhibit. *See* Tex. Gov't Code Ann. §§ 52.046–.047. Government code sections 52.046 and 52.047 obligate a court reporter to provide a copy of an exhibit upon written request and payment of the applicable fee. *See id.* And other than requiring a written request and payment from the requestor, neither section 52.046 nor section 52.047 limits or otherwise restricts the court reporter's duty to provide a copy of an exhibit to a person requesting it. *See id.* In other words, a court reporter's duty to provide a copy of an exhibit in a criminal proceeding does not end once the exhibit has been transferred to and received by the clerk. *See id.*

From these authorities, Texas law provides an avenue by which a person may request and receive a copy of an exhibit offered in a criminal proceeding. And although it is more burdensome for a person to request a copy of an exhibit from a court reporter, who must then retrieve the exhibit from the county clerk, than it is for a person to obtain a copy of the exhibit directly from the county clerk,

6

the legislature chose to limit a county clerk's obligation to make records available to the public for inspection and copy to those "records belonging to the office of the county clerk." Tex. Loc. Gov't Code Ann. § 191.006. The legislature also (1) differentiated between papers that are filed with a clerk and exhibits that are received by the clerk at the conclusion of a criminal proceeding, (2) did not expressly require that a clerk make exhibits received from the court reporter available to the public, and (3) provided a distinct process by which a person may obtain a copy of an exhibit from the court reporter. *See* Tex. Code Crim. Proc. Ann. art. 2.21; Tex. Gov't Code Ann. §§ 52.046–.047. Had the legislature intended to require that both a court reporter and a county clerk provide a copy of an exhibit in a criminal proceeding to a member of the public, the legislature could have easily done so. *See generally In re Office of Atty. Gen.*, No. 11-0255, 2013 WL 854785, at *4 (Tex. Mar. 8, 2013) (orig. proceeding) ("We take the Legislature at its word, and the truest measure of what it intended is what it enacted."). Because the legislature did not do so, we hold that Appellee does not have a ministerial duty to provide Appellant with a copy of the requested exhibits from the criminal proceeding and that the trial court therefore did not err by denying Appellant's petition for writ of mandamus. We overrule Appellant's sole issue.

## IV.  Conclusion

Having overruled Appellant's sole issue, we affirm the trial court's judgment.

ANNE GARDNER
JUSTICE

PANEL:  LIVINGSTON, C.J.; DAUPHINOT and GARDNER, JJ.

DELIVERED:  August 29, 2013

8