

# COURT OF APPEALS
**SECOND DISTRICT OF TEXAS**
**FORT WORTH**

## NO. 02-18-00016-CV

CHERIE ALLEN                                                      APPELLANT

V.

LENDER'S COMMERCIAL                                              APPELLEE
FINANCE, LLC

----------

FROM THE 342ND DISTRICT COURT OF TARRANT COUNTY
TRIAL COURT NO. 342-291007-17

----------

## MEMORANDUM OPINION[1]

----------

Appellant Cherie Allen attempts to appeal from the district court's order granting appellee Lender's Commercial Finance, LLC (LCF) a writ of mandamus compelling a constable to execute a writ of possession. We dismiss the appeal for want of jurisdiction.

---

[1]*See* Tex. R. App. P. 47.4.

On March 15, 2017, in the 342nd District Court of Tarrant County, LCF filed a suit to quiet title for property located at 6020 Lucas Court in Fort Worth. LCF alleged that Allen "has engaged in a plethora of filings to cloud title, confuse the public[,] and the Court to maintain her no cost and extremely profitable enterprise."[2] The district court cleared the title in LCF's favor, but the case remains pending in the trial court apparently based on Allen's counterclaim.

On August 11, 2017, LCF filed a petition in a justice-of-the-peace court (JP court) seeking to evict all occupants of 6020 Lucas Court. *See* Tex. R. Civ. P. 510.3. On October 20, 2017, the JP court ordered that LCF was entitled to possession of the premises against any competing claims asserted by any occupant, including Allen. *See* Tex. R. Civ. P. 510.8(b). No party appealed the judgment. *See* Tex. R. Civ. P. 510.9. The JP court issued a writ of possession on December 5, 2017, directing the constable to execute it. *See* Tex. R. Civ. P. 510.8(d).

Although Allen did not appeal the JP court's judgment, she began filing petitions requesting ex parte temporary restraining orders in several Tarrant County trial courts. County Court at Law Number 3 dismissed the petition after granting LCF's plea to the jurisdiction.[3] The 67th District Court and County Court

---

[2]It appears that after the property at issue was foreclosed upon and sold to LCF, Allen became a squatter and rented the house to others for profit.

[3]Allen appealed the dismissal to this court, and we denied her request to stay execution of the writ of possession on December 8, 2017. *Allen v. Bank of Am., N.A.*, No. 02-17-00414-CV. The appeal remains pending.

at Law Number 1 denied her requests for a temporary restraining order. And the United States District Court for the Northern District of Texas, Fort Worth division, remanded Allen's attempted removal complaint to the JP court.

Meanwhile, LCF encountered difficulties with ensuring that the constable executed the JP court's writ of possession. Fearing that the writ of possession would not be executed before it expired, LCF filed a motion in the 342nd District Court in the same number governing its suit to quiet title, seeking a writ of mandamus against the constable. *See* Tex. R. Civ. P. 510.8(d)(2). At the trial court's January 10, 2018 hearing, the constable agreed to post and execute the writ of possession by January 11, 2018. The district court granted a writ of mandamus and ordered the constable to execute the writ of possession no later than January 11. *See* Tex. Gov't Code Ann. § 24.011 (West 2004). Allen filed a notice of appeal from the district court's order granting LCF a writ of mandamus.

We have jurisdiction to consider appeals only from final judgments or from interlocutory orders made immediately appealable by statute. *See Lehmann v. Har-Con Corp.*, 39 S.W.3d 191, 195 (Tex. 2001). "An original proceeding for a writ of mandamus initiated in the trial court is a civil action subject to trial and appeal on substantive law issues and the rules of procedure as any other civil suit." *Anderson v. City of Seven Points*, 806 S.W.2d 791, 792 n.1 (Tex. 1991); *see also Raesz v. Mitchell*, 415 S.W.3d 352, 353 (Tex. App.—Fort Worth 2013, pet. denied). The trial court's order granting LCF mandamus relief was not the result of an original proceeding—LCF requested the order in its suit to quiet title.

3

LCF's suit to quiet title remains pending in the trial court based on Allen's unadjudicated counterclaim. We find no authorizing statute allowing an appeal to this court from a trial court's mandamus order when issues and parties remain pending in the underlying suit.

Additionally, there is no indication in the record that the constable failed to serve the writ of possession on all occupants of 6020 Lucas Court no later than January 11 as he agreed to do and as ordered by the trial court. Thus, any appeal allowed from the trial court's order would have been rendered moot by the constable's service of the writ, depriving this court of subject-matter jurisdiction. *See, e.g.*, *Williams v. Lara*, 52 S.W.3d 171, 184 (Tex. 2001); *In re Lopez*, No. 12-18-00016-CV, 2018 WL 720344, at *2 (Tex. App.—Tyler Feb. 6, 2018, orig. proceeding); *Kessling v. Friendswood ISD*, 302 S.W.3d 373, 384 (Tex. App.—Houston [14th Dist.] 2009, pet. denied).

We notified Allen of our jurisdictional concerns. *See* Tex. R. App. P. 42.3, 44.3. Allen responded but failed to establish our jurisdiction. Accordingly, we dismiss her attempted appeal for want of jurisdiction. *See* Tex. R. App. P. 42.3(a), 43.2(f).

/s/ Lee Gabriel

LEE GABRIEL
JUSTICE

PANEL: GABRIEL, KERR, and PITTMAN, JJ.

DELIVERED: March 15, 2018

4