

# In the
# Court of Appeals
# Second Appellate District of Texas
# at Fort Worth

———————————————

No. 02-19-00083-CV

———————————————

WALLACE WAYNE BOWMAN, JR., Appellant

V.

MONTAGUE COUNTY DISTRICT CLERK, Appellee

On Appeal from the 97th District Court
Montague County, Texas
Trial Court No. 2018-0424-M-CV

Before Sudderth, C.J.; Gabriel and Kerr, JJ.
Memorandum Opinion by Chief Justice Sudderth

# MEMORANDUM OPINION

On December 4, 2018, the trial court signed an order denying the "Application for Writ of Mandamus" filed by Appellant Wallace Wayne Bowman, Jr., explaining in the order that Appellant's petition to compel the district clerk to file his post-conviction writ, which was not on the form promulgated by the court of criminal appeals, was not filed in the proper manner. Under rule of appellate procedure 26.1, Appellant's notice of appeal was due on January 3, 2019, unless he timely filed an applicable post-judgment motion or request. *See* Tex. R. App. P. 26.1(a).[1]

On December 18, 2018, Appellant filed a request for findings of fact and conclusions of law. *See* Tex. R. Civ. P. 296 (stating that a party may request findings of fact and conclusions of law in any case tried without a jury). In his cover letter, he informed the district clerk that he was seeking clarification of the trial court's December 4, 2018 decision and that his request for findings and conclusions "will be for perfecting [his] appeal where it could properly be considered by the appellate court," referencing rule of appellate procedure 26.1(a)(4). Appellant filed his notice of appeal on March 6, 2019.

---

[1]Rule of appellate procedure 26.1(a) provides that a notice of appeal must be filed within 30 days after the judgment is signed unless any party timely files a motion for new trial, a motion to modify the judgment, a motion to reinstate under rule of civil procedure 165a (where applicable), or—under some circumstances—a request for findings of fact and conclusions of law. Tex. R. App. P. 26.1(a). Subject to some exceptions, *see* Tex. R. App. P. 28.1, if a party timely files an applicable motion under rule 26.1(a), the deadline to file the notice of appeal may extend to 90 days. Tex. R. App. P. 26.1(a).

Rule of appellate procedure 26.1(a)(4) provides that a notice of appeal must be filed within 90 days after the judgment is signed if any party timely files "a request for findings of fact and conclusions of law *if findings and conclusions either are required by the Rules of Civil Procedure or, if not required, could properly be considered by the appellate court.*" Tex. R. App. P. 26.1(a)(4) (emphasis added). Accordingly, we notified Appellant on March 18, 2019, and again on April 5, 2019, of our concern that we lacked jurisdiction over the appeal, first because his notice of appeal appeared a couple of days late if the time for filing had been extended to 90 days, and then because it did not appear to this court that his request for findings of fact and conclusions of law had extended the 30-day deadline to 90 days. *See id.*; *see also Smith v. Padilla, L.L.C.*, No. 02-17-00326-CV, 2018 WL 895465, at *5 (Tex. App.—Fort Worth Feb. 15, 2018, no pet.) (mem. op.) (holding that appellant's request for findings of fact and conclusions of law did not extend time for filing the notice of appeal because there were no issues of disputed fact decided by the trial court). We stated that unless Appellant or any party desiring to continue the appeal filed a response showing a reasonable explanation for the late filing of the notice of appeal, we would dismiss the appeal for want of jurisdiction. *See* Tex. R. App. P. 25.1(b), 26.1, 42.3(a), 44.3.

Appellant filed a response, referring us to *Raesz v. Mitchell*, 415 S.W.3d 352, 353 (Tex. App.—Fort Worth 2013, pet. denied), and *Simmons v. Kuzmich*, 166 S.W.3d 342, 345–46 (Tex. App.—Fort Worth 2005, no pet.), to support his argument that a

request for findings and conclusions was appropriate and had extended the time to file his notice of appeal. He further argued that he had made

> a bona fide attempt to file an appeal of the denial of the writ of mandamus by requesting for finding[s] of fact and conclusions of law onto the district clerk to be brought to the attention of the trial court where [his] interpretation of *Raesz* . . . and *Simmons* . . . demonstrates in its standard of review, that such findings and conclusions [are] absolute[ly] necessary to perfect an appeal from a writ of mandamus.

But in *Raesz* and *Simmons*, the trial court judges issued findings of fact and conclusions of law based on evidence and the determination of fact questions.[2] In contrast, the trial court in the instant case did not hold an evidentiary hearing, and Appellant did not submit any affidavits or exhibits with his petition for writ of mandamus, resulting in a purely legal decision based solely on his pleadings. *See IKB Indus. (Nigeria) v. Pro-Line Corp.*, 938 S.W.2d 440, 443 (Tex. 1997) (stating that a request for findings of fact and conclusions of law does not extend the time for perfecting appeal of a judgment rendered as a matter of law when findings and conclusions can have no purpose and should not be requested, made, or considered on appeal, i.e., on the appeal of "any

---

[2]In *Raesz*, an attorney filed suit in the trial court for a writ of mandamus to compel the county clerk to comply with his request for two exhibits in a criminal proceeding in which he was neither a party nor a party's attorney. 415 S.W.3d at 352. The trial court denied the application and issued findings of fact and conclusions of law. *Id.* But there were exhibits at issue in that case, i.e., evidence from which the trial court could issue findings of fact. *Id.* at 353–54. In *Simmons*, after a police chief refused to release documents about a car collision to an attorney under the Texas Public Information Act, the attorney filed an application for writ of mandamus. 166 S.W.3d at 344. The trial court held an evidentiary hearing and ruled that the release of the requested materials and documents would not interfere with the detection, investigation, or prosecution of crime. *Id.* at 345.

judgment rendered without an evidentiary hearing"); *see also Smith*, 2018 WL 895465, at *5 (holding that appellant's request for findings of fact and conclusions of law did not extend time for filing the notice of appeal and dismissing appeal for want of jurisdiction because notice of appeal was untimely filed); *Ezy-Lift of Ca., Inc. v. EZY Acquisition, LLC*, No. 01-13-00058-CV, 2014 WL 1516239, at *8 (Tex. App.—Houston [1st Dist.] Apr. 17, 2014, pet. denied) (mem. op. on reh'g) ("Texas courts have refused to extend appellate deadlines in response to improper requests for findings of facts and conclusions of law.").

Further, several cases hold that a request for findings of fact and conclusions of law does not constitute a bona fide attempt to invoke appellate jurisdiction. *See, e.g., Grant v. Dallas Cty.*, No. 05-16-00065-CV, 2016 WL 2864731, at *1 (Tex. App.—Dallas May 12, 2016, pet. denied) (mem. op.) (citing *Chavez v. Hous. Auth. of El Paso*, 897 S.W.2d 523, 526 (Tex. App.—El Paso 1995, writ denied), and *Besing v. Moffitt*, 882 S.W.2d 79, 82 (Tex. App.—Amarillo 1994, no writ), for the proposition that "[a] request for findings of fact and conclusions of law does not constitute an attempt to invoke appellate jurisdiction").

Because Appellant's response does not show a reasonable explanation for the late filing of his notice of appeal, we dismiss the appeal for want of jurisdiction. *See, e.g., In re D.A.*, No. 02-15-00346-CV, 2015 WL 9244637, at *1 (Tex. App.—Fort Worth Dec. 17, 2015, no pet.) (mem. op.) ("The time for filing a notice of appeal is

jurisdictional in this court, and absent a timely-filed notice of appeal or extension request, we must dismiss the appeal."); *see also* Tex. R. App. P. 42.3(a), 43.2(f).

/s/ Bonnie Sudderth
Bonnie Sudderth
Chief Justice

Delivered: June 13, 2019